NELLIE GERTRUDE CARROLL AND LILLIE CARROLL
v. HENRY SMITH ET AL.

(Filed 8 October, 1913.)

1. Deeds—Delivery—Grantor's Possession—Evidence of Delivery—
Transactions with Deceased Persons—Interpretation of Stat-
utes.

Where the title to lands in controversy is made to depend
upon the delivery of a deed thereto by H. to A., both of whom
are deceased, and there is evidence that the deeds were found
after the death of H. among his important papers, testimony of
the widow of A. that she saw her husband place the deed in his
tin trunk is not evidence of a transaction or communication with
the deceased, forbidden by the statute, Revisal, sec. 1631.

2. Evidence—Declarations—Interest of Declarant.

Where title to lands in controversy is made to depend upon
the delivery of a deed thereto by H. to A., both of whom are de-
ceased, declarations of H. that he had delivered the deed to A.,
and made before the defendant had acquired any title, are com-
petent as being against interest and not self-serving declarations.

3. Deeds and Conveyances—Grantor's Possession—Presumptions—
Burden of Proof—Trials—Instructions—Appeal and Error.

The presumption that a deed found in the possession of the
grantor has not been delivered has no greater effect than to place
the burden of proof on him who relies upon its delivery to estab-
lish his title to the lands in dispute; hence, when there is com-
petent evidence that the delivery was actually made of the deed
to the grantee, it was not error for the court to instruct the jury
that its possession by the grantor, if they so found the fact to be,
was a circumstance which they could consider, with further cor-
rect instructions applicable to the evidence in the case, upon the
issue, which will be assumed when the charge is not otherwise
excepted to and it is not sent up in the record.

APPEAL by defendants from *Ward, J.,* at May Term, 1912, of
SAMPSON.

This is an action to recover a tract of land of 37 acres, which
the plaintiffs claim Henry. Carroll, from whom the defendants
derive their title by devise, conveyed. by deed to their ancestor,
Albert Carroll, and the only issue in controversy is as to the
delivery of the deed.

The deed was probated but not registered, and there was evidence that it was delivered to the grantee at the time it was signed and placed by him in his trunk.

After the death of Henry Carroll, the deed was found in his trunk with other papers.

Lillie Carroll, widow of Albert Carroll, testified that she saw Albert Carroll place the deed in his tin trunk, and saw the deed in the trunk, and defendant excepted.

George Melvin, father of Lillie Carroll, testified that he heard Henry Carroll say he had given Albert his deed because he was his dependence, and defendant excepted.

The defendant requested the court to charge the jury, "That the fact of Henry Carroll having the possession of the deed for the 37 acres of land along with his other title papers, if found by the evidence to be the fact, would be presumptive evidence that the deed had not been delivered." The court refused to so charge the jury, and stated that there was no such presumption, but that it was a circumstance only, which the jury might consider. Defendant excepted.

The jury answered the issue in favor of the plaintiffs, and from the judgment rendered, the defendants appealed.

*Fowler & Crumpler for plaintiff.*
*Faison & Wright and G. E. Butler for defendant.*

ALLEN, J. The evidence of the widow was objected to under section 1631 of the Revisal, but she did not testify to a communication or transaction with the deceased (*Johnson v. Cameron,* 136 N. C., 243) nor was her evidence against the personal representative of the deceased or against any one claiming under the deceased. *Bunn v. Todd,* 107 N. C., 267. She simply told what she saw, and against one claiming under Henry Carroll and not under Albert Carroll.

We can see no objection to the evidence of George Melvin, and none is shown in the brief. He is not a party to the action, has no pecuniary interest in the result, and was not testifying to a self-serving declaration, but to one made against interest, and before the defendants acquired any title.

There is authority for the position taken by the defendant, that there is a presumption that a deed found in possession of the grantor has not been delivered; but properly understood, this can mean no more than that the burden of proof is on the grantee to prove delivery, and we must assume that his Honor charged correctly as to the burden of proof, as the charge is not sent to this Court, and there is no exception that he did not do so.

Delivery is essential to the validity of a deed, and, in the absence of registration, if the deed is found in possession of the grantor, nothing else appearing, the law says it has not been delivered, and casts the burden of proof on the grantee who alleges a delivery, and it adds no additional force to the charge on the burden of proof to say there is a presumption against delivery.

There is, however, evidence in this case of a delivery to the grantee, and it was, therefore, proper for his Honor to charge that possession of the deed by the grantor, if found to exist, was a circumstance which the jury could consider.

In *Tuttle v. Rainey,* 98 N. C., 513, there was a controversy as to the delivery of a deed, and the Court said, while commenting upon an instruction given to the jury: "If it was intended to say that the law presumed a delivery from the possession of the deed, instead of that the law authorizes the jury from the fact to infer a delivery, and, in the absence of rebutting evidence, to act upon it, it would be error."

We are therefore of opinion, on the whole record, there is No error.