STAR FURNITURE COMPANY, INC., v. CAROLINA & NORTHWESTERN RAILWAY CO., INC.

(Filed 16 May, 1928.)

1. **Pleadings—Demurrer—Grounds Therefor—Misjoinder of Parties and Causes of Action.**

   To sustain a demurrer to the complaint there must be a misjoinder of parties and causes of action, and a misjoinder of an unnecessary party is alone insufficient to have the action dismissed.

2. **Appeal and Error—Review—Questions Presented on Appeal from Judgment Overruling Demurrer.**

   Upon an appeal from a judgment overruling a demurrer to the complaint the merits of the controversy are not presented, and the court will determine only whether a cause of action has been sufficiently alleged.

3. **Carriers—Carriers of Goods—Liability for Loss or Injury to Goods—Parties Entitled to Sue Railroad—Bill of Lading—Demurrer.**

   Under the Carmack Amendment to the U. S. statute, a carrier is liable to the lawful holder of a receipt or bill of lading in interstate commerce, or to any party entitled to recover thereon, for the full, actual loss or damage to the shipment, and in the consignor's action to recover for a shipment destroyed while in the carrier's possession, and it also appears in the complaint that the plaintiff had given the initial carrier notice of

the loss, a demurrer on the ground that the consignee had been made a party plaintiff and that the title to the shipment vested in' him upon the consignor's receiving the bill of lading, and that it is not alleged that the latter had also given the required notice to the carrier, is bad; and as to whether such notice is required under a uniform bill of' lading is not presented on the appeal of defendant from judgment overruling the demurrer.

APPEAL by defendant from *Schenck, J.*, at November Term, 1927, of CALDWELL.

Civil action to recover damages for an alleged breach of a contract of carriage.

This action was instituted 21 May, 1926, by the Star Furniture Company, Inc., to recover the value of a carload of furniture, delivered by it to the defendant on 13 July, 1925, at Lenoir, N. C., evidenced by bill of lading, for shipment and delivery to one S. Strassman of Philadelphia, Pa., which said furniture was destroyed by fire before leaving the point of origin and while on the defendant's sidetrack.

Defendant answered, denied liability, alleged that the fire which destroyed the furniture in question, before being moved from the industrial track, constructed primarily for plaintiff's benefit, originated in one of the buildings of plaintiff's furniture factory, through the negligence of plaintiff's agents, and the defendant set up a counterclaim for loss of the car and damage to its track.

Thereafter, by leave of court, S. Strassman was joined as a party plaintiff; an amended complaint was filed, to which the defendant demurred.

The material allegations of the amended complaint, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

1. That plaintiff, Star Furniture Company, consignor of the shipment of furniture, is a corporation with its principal place of business at Lenoir, N. C., and that S. Strassman, consignee of the shipment of furniture, is a resident of the city of Philadelphia, Pa.

2. That the defendant, Carolina & Northwestern Railway Company, Inc., is a common carrier by railroad, engaged as such in interstate commerce and transportation.

3. That on 13 July, 1925, the defendant, in its capacity as a common carrier and in consideration of the payment of the usual rate of freight, received from the Star Furniture Company at Lenoir, N. C., a carload of furniture for shipment and delivery to S. Strassman, the consignee thereof, at Philadelphia, Pa.

4. That upon the delivery of the goods aforementioned, to the defendant, a bill of lading for same was executed by defendant and by it de-

livered to plaintiff corporation, evidencing receipt and acceptance of said carload 'of furniture for· transportation and delivery to the consignee therein named.

5. That subsequent to the receipt and acceptance of said furniture and the issuance of the bill of lading therefor, the same was destroyed by fire, without negligence on the part of plaintiffs or either of them, which said furniture was reasonably worth $2,390.00.

6. That within six months after delivery of said furniture to the defendant, the Star Furniture Company, on a form provided by the defendant for the purpose, made and presented to the defendants at the point of origin, as required by the bill of lading, a written claim for the loss of said property and the value thereof, and demanded payment of said claim, which was refused by the defendant "upon the alleged ground that it was not legally liable for the loss of said carload of furniture."

The defendant demurred to this amended complaint on the following grounds:

"1. There is a misjoinder of parties plaintiff to said suit for the reason there cannot be in this case a joint cause of action existing in both the consignor and consignee, there being no allegation that one party was the agent of the other.

"2. In that the complaint does not set forth facts sufficient to constitute a cause of action on the following grounds:

"(a) No right of action exists in favor of the Star Furniture Company for the reason that it is consignor of the freight in question, and title passed to the consignee upon the issuance of the bill of lading, and the Star Furniture Company had no title thereto after the issuance · of said bill of lading. ·

"(b) Plaintiff, S. Strassman, has no right or cause of action as the complaint shows on its face that no claim was made and presented against said defendant for the loss of the said property, or the value thereof, by the said plaintiff S. Strassman within six (6) months after delivery of the furniture to the defendant in accordance with the terms of the bill of lading."

From a judgment overruling the demurrer, the defendant appeals, assigning error.

*J. T. Pritchett and W. A. Self for plaintiff.*
*John A. Marion and Mark Squires for defendant.*

STACY, C. J., after stating the case: It should be observed, at the outset, that we are not dealing with the merits of the controversy, but

with the sufficiency of the allegations of the complaint. *Ballinger v. Thomas, ante,* 517. The case is here on demurrer, restricted to the two grounds specified and designated therein. C. S., 512.

The demurrer was properly overruled on the first ground, *i. e.,* of an alleged misjoinder of parties. It is no "defect of parties" to join unnecessary parties. *Abbott v. Hancock,* 123 N. C., 99, 31 S. E., 368; C. S., 511. Furthermore, it is only when there is a misjoinder, both of parties and of causes of action, and a demurrer is interposed upon this ground, that the demurrer should be sustained and the action dismissed. *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664.

The demurrer was properly overruled on the second ground also. It does not appear from the *complaint* that claim for loss must be filed by the consignee, or that such claim may not be filed by the consignor. It is provided by the "Carmack Amendment" to the Interstate Commerce Act (set out in full in *Mann v. Transportation Co.,* 176 N. C., 107) that any common carrier, railroad or transportation company, receiving property for transportation in interstate commerce, "shall be liable to the lawful holder of said receipt or bill of lading, or to any party entitled to recover thereon," for the full actual loss, damage or injury to such property caused by it or any connecting carrier when transported on a through bill of lading, etc. We are not called upon to decide, nor do we decide, upon the present record, whether, under a uniform bill of lading, notice by the consignor will suffice to support an action by the consignee. The complaint alleges that the Star Furniture Company made and presented a written claim against the defendant for the loss of said property, on a form furnished by the defendant for the purpose, and delivered same to the defendant at the point of origin of shipment "as required and provided in the bill of lading." The bill of lading is not made a part of the complaint.

We are not permitted to look beyond the allegations of the complaint, or travel outside the scope of the demurrer, in dealing with the present appeal. *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800.

The question as to whether suit by the consignee, debated on brief, can be maintained, because not brought within the time limited in the contract, is not presented by the demurrer.

Affirmed.