W. J. SHUFORD, RECEIVER OF THE "Y. & B. CORPORATION," v. J. A. YARBOROUGH AND EAGLE INDEMNITY CO.

(Filed 1 May, 1929.)

**1. Pleadings D b—Joinder of unnecessary parties not demurrable.**

A demurrer for defect of parties and causes of action will not be sustained where the defect alleged relates to parties not necessary to the proper determination of the action.

**2. Same—Joinder of defaulting officer and surety on his bond is proper under facts of this case.**

A suit by the receiver of a corporation against its defaulting officer and the surety or guarantor for his honesty or fidelity is not objectionable as a misjoinder of parties and causes of action, the alleged default of the principal having occurred that created the surety's liability within the terms and conditions of its bond. *Clark v. Bonsal*, 157 N. C., 270, in which the indemnity was against "loss actually paid" cited and distinguished.

APPEAL by defendants from *Stack, J.,* at March Term, 1929, of MECKLENBURG.

Civil action by plaintiff, receiver, to recover of J. A. Yarborough $60,625.84, moneys alleged to have been unlawfully abstracted and misappropriated by him while acting as president and treasurer of the Y. & B. Corporation, and to hold the Eagle Indemnity Company liable for said defalcations to the extent of $10,000 on its written guaranty of the fidelity of said officer.

A demurrer was interposed chiefly upon the grounds (1) of an alleged defect of parties, and (2) of an alleged misjoinder, both of parties and of causes of action.

From a judgment overruling the demurrer, the defendants appeal, assigning errors.

*Preston & Ross and E. B. Cline for plaintiff.*
*Wade H. Williams and Fred B. Helms for defendants.*

STACY, C. J. The demurrer was properly overruled on both grounds. C. S., 507 and annotations.

A "defect of parties" applies to necessary parties, and not to unnecessary ones. *Winders v. Hill,* 141 N. C., 694, 54 S. E., 440.

It is not a misjoinder of parties and causes for the receiver of a corporation to sue its president and treasurer for wrongfully abstracting and misappropriating funds of the corporation and at the same time join as party defendant his surety or the guarantor of his honesty and fidelity. *Carswell v. Talley,* 192 N. C., 37, 133 S. E., 181; *Robinson v. Williams,* 189 N. C., 256, 126 S. E., 621; *Chemical Co. v. Floyd,* 158 N. C., 455, 74 S. E., 465; *S. v. Bank,* 193 N. C., 524, 137 S. E., 593.

The case of *Clark v. Bonsal,* 157 N. C., 270, 72 S. E., 954, is not in point, for there the contract between the defendants was one of strict indemnity against "loss actually paid." The allegations of the present complaint are to the effect that the defendant, Eagle Indemnity Company, "guarantees the fidelity of the president and treasurer of the Y. & B. Corporation in the sum of $10,000, . . . and agrees to make good any loss sustained by reason of his dishonesty, theft or wrongful abstraction," etc., and that loss has already been sustained within the terms of the contract of guaranty.

Affirmed.