FAIRBANKS, MORSE & COMPANY, INC., v. J. A. MURDOCK COMPANY, INC.

(Filed 21 November, 1934.)

**Sales H e—Allegations of answer, supported by evidence, held sufficient to state counterclaim for misrepresentation of article sold.**

> Under our rule that a pleading will be liberally construed in favor of the pleader upon demurrer, *it is held* that defendant's answer alleged as a counterclaim in plaintiff's action on notes given for the purchase price of machinery, that plaintiff represented not only that the machinery would furnish power sufficient to produce thirty tons of ice per day, but also that it would develop power sufficient to operate at all times, as desired by the defendant, the defendant's ice plant, the size and specifications of which plaintiff had full knowledge, and, there being evidence in support of the allegations of the counterclaim as thus interpreted, it was error for the court to dismiss the counterclaim upon plaintiff's motion.

APPEAL by defendant from *Cowper, Special Judge,* at October Term, 1933, of DURHAM. Reversed.

This is a civil action, instituted upon a note for $1,775.00, wherein it is admitted that the defendant executed the note and that the plaintiff is entitled to recover the amount sued for, less a credit of $479.09, subject to the rights of the defendant upon its counterclaim.

Both the plaintiff and the defendant introduced evidence, and at the close thereof the court intimated that, under the pleadings as drawn, the

burden was on the defendant to prove that the gasoline engine sold by the plaintiff to the defendant, for which the note in suit, with others, was given, had failed to develop power sufficient to produce 30 tons of ice per day; and, upon the defendant's admitting that it had offered and could offer no evidence tending to show how many tons of ice per day said engine would produce, the court dismissed the counterclaim of the defendant, and signed judgment for the plaintiff. Whereupon the defendant excepted and appealed to the Supreme Court, assigning errors.

*Morehead & Murdock and R. P. Reade for appellant.*
*Manning & Manning for appellee.*

SCHENCK, J. The plaintiff's contention is that, under the pleadings drawn, the allegation of the counterclaim that the representation made by the plaintiff that the engine "would do all the work of the said ice plant and was entirely sufficient in power to at all times operate said ice plant as desired by the defendant" is susceptible only to the interpretation that the engine would develop power sufficient to produce thirty tons of ice per day.

The defendant's contention is that, under the pleadings as drawn, the allegation of the counterclaim that the representation made by the plaintiff that the engine "would do all the work of the said ice plant and was entirely sufficient in power to at all times operate said ice plant as desired by the defendant" is susceptible also to the interpretation that the engine would develop power sufficient to operate at all times, as desired by the defendant, the ice plant consisting of machinery purchased from the York Manufacturing Company.

There is evidence tending to support the allegation of the counterclaim, if it be given an interpretation in accord with the defendant's contention, but no evidence tending to support it if it be given the restricted interpretation contended for by the plaintiff. The court was of the opinion that the allegation was restricted to a representation as to the number of tons per day the engine would produce, and, upon motion of the plaintiff, dismissed the counterclaim.

Paragraphs 2 and 3, and part of 4, of the counterclaim read as follows:

"2. That the defendant's officers were approached by the representative of plaintiff, who advised defendant's officers that plaintiff could deliver to defendant a Diesel-type engine burning crude oil, which engine would be able to operate said 30-ton ice plant and would effect a great saving to defendant in the cost of fuel necessary; defendant's officers explained to the representative of the plaintiff that he was not familiar with engines and did not know the size of engines required for

the operation of the said 30-ton ice plant, and directed said representative to get in touch with the representative of the York Manufacturing Company, to whom would be given the contract for the furnishing of the refrigerating and other machinery necessary in said plant; that thereafter a representative of the York Manufacturing Company, makers of the ice refrigerating machinery and the representative of plaintiff collaborated together and prepared a schedule showing the machinery necessary and proper for the construction and operation of an ice plant of the capacity desired; and thereafter the representative of the plaintiff advised the defendant that the plaintiff's 120 h.p. Fairbanks-Morse, type Y, style V. A. Diesel engine, would do all the work of the said ice plant and was entirely sufficient in power to at all times operate said ice plant as desired by the defendant.

"3. That plaintiff's representative tendered to defendant's officers a contract for the purchase of said 120 h.p. engine, and defendant's officers, relying upon the representation made by plaintiff through its representative to the effect that the said engine was fully able to and would fill all the needs of defendant, and at all times operate said plant as desired by defendant, executed said contract and the said engine was thereafter delivered and installed by plaintiff; but defendant says that the representations made by plaintiff by and through its representative were made, defendant believes and therefore alleges, recklessly, carelessly, and negligently, and with utter disregard of the desires and intentions of defendant, and solely for the purpose of selling said engine to defendant, and well knowing that defendant was relying upon said representation, and was induced thereby to enter into said contract, all of which representations were false and made for the purpose of deceiving defendant and effecting the sale of said engine.

"4. This defendant says that after it had executed said contract that such contract was forwarded to the home office of the plaintiff, together, this defendant is advised and believes and therefore alleges, with full information relative to the proposed plant, its size and capacity, together with a list of all machinery to be installed in said plant and the requirements as to size and motive power, and that the plaintiff, with all the information before it and by the full knowledge of the capacity of the plant for which said engine was purchased and the desires of the defendant that said engine should at all times be able to operate the said plant, executed said contract and returned a copy thereof to the company; . . ."

These allegations are followed by further allegations of the failure of the engine to operate the defendant's ice plant, the machinery for which was purchased from the York Manufacturing Company, and of resultant damage.

"The uniform rule prevailing under our present system is that, for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. Revisal, sec. 495. (C. S., 535.) This does not mean that a pleading shall be construed to say what it does not, but that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. *Buie v. Brown,* 104 N. C., 335. As a corollary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." *Blackmore v. Winders,* 144 N. C., 212 (215). This clear and concise statement of the liberal rule of construction in this jurisdiction of pleadings upon demurrer by *Mr. Justice Walker* has been often cited and approved by this Court, most recently in the case of *Insurance Company v. Dey,* 206 N. C., 368. If we apply this rule to the allegation of the counterclaim it will not be limited to the restricted construction urged by the plaintiff, but may be extended as well to the more inclusive construction sought by the defendant.

We feel constrained to hold that in dismissing the counterclaim his Honor erred.

Reversed.