THE UNION CENTRAL LIFE INSURANCE COMPANY v. J. C. CORDON AND GEORGE HARRIS.

(Filed 20 November, 1935.)

1. **Vendor and Vendee A a—**

   Delivery of a contract to convey land is essential to constitute it a valid and enforceable agreement.

2. **Betterments A a—Person entering upon land under unenforceable contract to convey may recover value of improvements made in good faith.**

   Defendant introduced evidence tending to show that defendant entered possession of the land in question under a parol contract to convey, which contract was later reduced to writing but not delivered, and made improvements on the land in good faith. *Held:* In plaintiff's action for possession, the evidence of the unenforceable contracts to convey was properly submitted to the jury upon the question of defendant's right to recover the value of the improvements, and upon the verdict of the jury in his favor, defendant was entitled to recover the value of the improvements placed upon the land in good faith, less the reasonable rent for the land during the time of defendant's occupancy.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Cranmer, J.,* and a jury, at May Term, 1935, of BEAUFORT. No error.

This was an action brought by plaintiff to recover of defendant J. C. Cordon (George Harris was a cropper) two certain tracts of land—405 acres—describing same, in Beaufort County, N. C.

The defendant admitted plaintiff's ownership of the land, but denied other material allegations of the complaint, and alleged that plaintiff

breached its parol contract to convey the land to him, and that he had made necessary permanent improvements on the land, by a drainage system, ditching and building a new barn, the cost amounting to $2,100. The defendant further alleged: "The building of this barn and all these improvements were therefore done with the express knowledge and authorization of the plaintiff under a promise to make a good and valid contract to convey or deed and trust deed or mortgage to secure the purchase money, and this defendant says that he believed he would become a purchaser as hereinbefore stated until the receipt of a letter from the said Brooks and his attorney demanding that he vacate and turn the place over, which thing he refused unless and until he was paid for the improvements set out in his answer; plaintiff then sold the farm and purchaser took possession, and he was ousted." The defendant Cordon also prayed for general relief.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. Is the plaintiff Insurance Company the owner of the land described in the pleadings? Answer: 'Yes.'

"2. Did the plaintiff execute and deliver contract to convey to the defendant according to the agreement referred to in the pleadings? Answer: 'No.'

"3. Did the defendant enter into possession of said land under agreement of plaintiff to convey to him? Answer: 'Yes.'

"4. Did the defendant, while occupying said land, make necessary permanent improvements thereon? Answer: 'Yes.'

"5. If so, what was the value of said improvements to the said land? Answer: '$1,500—fifteen hundred dollars.'

"6. What sum as rents for the land shall the defendant be charged with? Answer: '$1,000—one thousand dollars.'"

The court below rendered judgment on the verdict. Plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*J. D. Paul and MacLean & Rodman for plaintiff.*
*Ward & Grimes for defendants.*

CLARKSON, J. There is no controversy in regard to the first issue—the ownership of the land. The main contentions of the litigants were to the 2d and 3d issues, as follows: "(2) Did the plaintiff execute and deliver contract to convey to the defendant according to the agreement referred to in the pleading? (3) Did the defendant enter into possession of said land under agreement of plaintiff to convey to him?" The jury answered the 2d issue "No," and the 3d issue "Yes." Upon a careful reading of the evidence, we think it was sufficient to be submitted

to the jury on these two issues. The credibility of the evidence was for the jury to determine.

N. C. Code, 1935 (Michie), section 988, is as follows: "All contracts to sell or convey any lands, tenements, or hereditaments, or any interest in or concerning them, and all leases and contracts for leasing land for the purpose of digging gold or other minerals, or for mining generally, of whatever duration; and all other leases and contract for leasing lands exceeding in duration three years from the making thereof, shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized."

In *Eaton v. Doub*, 190 N. C., 14 (22), speaking to the subject, citing numerous authorities, is the following: "The equitable jurisdiction of the Superior Courts of this State has been frequently invoked by vendees of land who, while in possession under parol contracts to convey, void under the statute of frauds (C. S., 988), have enhanced the value thereof by permanent improvements, and have thereafter been called upon to surrender possession by vendors who have repudiated their parol contracts. This Court, by a long line of decisions, has sustained the jurisdiction to afford relief by requiring compensation for such enhancement in value before aiding such vendors to recover possession of the land. . . . The principle upon which the jurisdiction has been sustained is well stated by *Walker, J.,* in *Jones v. Sandlin,* 160 N. C., 150. 'The general rule is that if one is induced to improve land under a promise to convey the same to him, which is void or voidable, and after the improvements are made he refused to convey, the party thus disappointed shall have the benefit of the improvements to the extent that they increased the value of the land,' citing many authorities. An examination of these cases will show that the application of the principle has been broad and liberal, waiving technical objections, and doing justice upon the facts of the particular case in which it has been applied."

It appears that the contract was in fact executed, but the evidence on the part of Cordon was to the effect that it was never delivered to him according to the parol agreement. To be a valid contract, delivery is essential.

The vendor, in a parol contract to convey land, will not be permitted to evict a vendee who has entered and made improvements, until the latter has been repaid the purchase money and compensated for betterments. *Vann v. Newsom,* 110 N. C., 122.

In *Gillespie v. Gillespie,* 187 N. C., 40 (41), it is said: "Whether a deed has been delivered in the legal sense is not dependent exclusively upon the question of its manual or physical transfer from the grantor to the grantee, but also upon the intent of the parties. Both the delivery of the instrument and the intention to deliver it are necessary to a transmu-

tation of title. Upon the evidence adduced, the ultimate question of delivery was therefore properly submitted to the jury. *Gaylord v. Gaylord,* 150 N. C., 222; *Fortune v. Hunt,* 149 N. C., 358; *Tarlton v. Griggs,* 131 N. C., 216." *Carroll v. Smith,* 163 N. C., 204; *Lee v. Parker,* 171 N. C., 144.

The court below in the charge defined what were necessary "permanent" improvements, to which the plaintiff made no exception.

We see no prejudicial or reversible error as to plaintiff's contention in the admission of certain letters introduced by defendant Cordon; to the refusal to dismiss as upon nonsuit defendant's claim for damages; to plaintiff's willingness to convey (it came too late); to refusal of the court below to submit issues tendered by plaintiff and submitting issues tendered by defendant. The issues submitted were those arising on the pleadings and essential for the determination of the controversy; to the charge of the court below in certain particulars. We think the charge, taken as a whole, correct.

For the reasons given, we find in the judgment of the court below

No error.

DEVIN, J., took no part in the consideration or decision of this case.