WISCASSETT MILLS COMPANY v. EUGENE G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 13 December, 1950.)

1. Pleadings § 19c—

A demurrer admits the truth of all allegations of fact and inferences of fact reasonably drawn therefrom.

2. Same—

A complaint is not demurrable unless it is fatally defective in failing to allege any fact or combination of facts which, if true, entitles plaintiff to some relief.

**3. Taxation §§ 29, 38c—**

 In an action to recover additional assessment of income tax paid under protest, allegation that plaintiff made a gift of real property to a school board for educational purposes and that plaintiff's total gifts during the fiscal year did not exceed 5% of its total net income for that year, states a cause of action to have the gift allowed as a deduction, and defendant's contention that his demurrer should be sustained because of plaintiff's error in alleging the theory of value of the gift, is untenable, the value of the gift and the amount of plaintiff's allowable deduction therefor being matters to be determined at the trial.

APPEAL by plaintiff from *Sink, J.,* October Term, 1950, STANLY. Reversed.

Civil action to recover income tax paid under protest.

On 7 February 1949 defendant Commissioner of Revenue disallowed certain deductions for alleged allowable expense and gifts made by plaintiff and claimed by it in its returns for its fiscal years 1946 and 1947, and made assessment therefor. Plaintiff paid the additional assessment under protest and now sues to recover the amount so paid.

It alleges certain items of expense paid during 1946 and 1947 which were disallowed and also certain gifts made by it in said years which were likewise disallowed; that the total of all deductions for gifts during said years did not exceed five per cent of its income for the year in which the gifts were made and for which credit is claimed; and that the additional assessments were and are unjust and contrary to law.

The defendant demurred to the complaint for that it fails to state facts sufficient to constitute a cause of action. The court below entered judgment sustaining the demurrer and dismissing the action. Plaintiff appealed.

*E. T. Bost, Jr., and W. H. Beckerdite for plaintiff appellant.*

*Attorney-General McMullan, Assistant Attorneys-General Tucker and Abbott, and Edward B. Hipp, Member of Staff, for the State.*

BARNHILL, J.  The demurrer admits the truth of all the allegations of fact and inferences of fact reasonably drawn therefrom. *Ferrell v. Worthington,* 226 N.C. 609, 39 S.E. 2d 812; *Sabine v. Gill, Comr. of Revenue,* 229 N.C. 599, 51 S.E. 2d 1; *Leonard v. Maxwell, Comr. of Revenue,* 216 N.C. 89, 3 S.E. 2d 316.

A complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If any portion of it presents facts sufficient to constitute a cause of action, the pleading will repel the demurrer. It must be fatally defective in that it fails to allege any fact or combination of facts which, if true, entitles plaintiff to some relief. *Blackmore v. Winders,* 144 N.C.

212; *Fairbanks, Morse & Co. v. Murdock Co.,* 207 N.C. 348, 177 S.E. 122.

A consideration of the complaint in the light of these controlling rules leads to the conclusion that the complaint is sufficient to repel the demurrer interposed by defendant.

Plaintiff in part alleges:

"11. That . . . during the fiscal year ending November 30, 1947, the plaintiff, by deed of gift and without being paid anything therefor, conveyed to the Board of School Commissioners of the Town of Albemarle in fee simple a large tract of land on which a new school building was erected; that the said land had a reasonable market value at the time of the conveyance of $6,000; that the said land was conveyed for the purpose of and is being used exclusively for literary, scientific and educational purposes."

This allegation, coupled with the further allegation that the total gifts made by it during that fiscal year, including the one pleaded, did not exceed five per cent of its total net income for that year, states facts sufficient to entitle plaintiff to some relief. With the exact amount it is entitled to recover and the basis of calculation upon which that amount should be ascertained, we are not presently concerned.

The defendant's contention that plaintiff must allege a cause of action in accord with defendant's theory of its right to claim credit for a deductible gift, that is, that it must follow strictly the "cost value" theory in its complaint is without merit. It has alleged a gift of real property to an educational institution and that the property was conveyed for the purpose of, and is being used exclusively for literary, scientific, and educational purposes. These facts are admitted for the purpose of the demurrer. It has further alleged the value of its gift and the consequent amount of its allowable deduction. This latter allegation is binding on no one. Whether the amount of deduction to which plaintiff is entitled, on the facts admitted, is to be ascertained on the "reasonable value" or the "cost" basis, or on the basis of the value on the date of the original adoption of our income tax law, is, in the first instance, for the court below to decide.

The parties debate at some length the merit of plaintiff's claim in respect of each item asserted as an allowable deduction. But the questions so discussed are not before us on this appeal. Only the sufficiency of the complaint to state a cause of action is challenged. The ruling thereon by the court below is

Reversed.