ETHEL G. ROBERSON v. E. D. SWAIN and R & S PACKING COMPANY, A CORPORATION.

(Filed 1 February, 1952.)

**1. Pleadings § 19c—**

Upon demurrer, a pleading will be liberally construed, giving the pleader the benefit of every reasonable inference and intendment deducible from the facts alleged as well as all relevant inferences of fact, and the demurrer cannot be sustained if upon the entire pleading any part presents facts or reasonable inferences of fact sufficient to constitute a cause of action.

**2. Evidence § 39—**

Parol evidence is competent to show that an obligation was assumed only under certain contingencies, certainly upon allegations that the delivery of the paper writing attacked was produced by fraudulent misrepresentations.

ROBERSON *v.* SWAIN.

**3. Fraud § 3—**

A promissory misrepresentation may constitute the basis of fraud when it is made to mislead the promisee, and the promissor, at the time of making it, has no intent to comply therewith, since in such instance the state of mind of promissor is a subsisting fact.

**4. Fraud § 9—Complaint held sufficient to state cause of action for fraud.**

The complaint alleged an agreement under which plaintiff was to sell certain real and personal property to defendant for a stated consideration to be evidenced by notes executed by defendant and his wife. Only a part of the consideration agreed upon was set forth in writing. Plaintiff further alleged that defendant tendered notes representing the entire purchase price signed by defendant alone, but that, upon plaintiff's objection, defendant promised to take the notes and have them signed by defendant's wife also, and return same to plaintiff, that thereupon plaintiff delivered that part of the agreement which was in writing, but that defendant failed and refused to deliver the notes representing the purchase price. *Held:* The complaint is sufficient to state a cause of action for fraud.

**5. Same—**

Allegations to the effect that defendant by fraudulent misrepresentations induced plaintiff to execute and deliver an agreement for the sale of real property, and thereafter had title to same transferred to a corporation in which defendant owned the majority of stock, and alleging facts sufficient to support the inference that transfer of title to the corporation was a part of the scheme to deprive plaintiff of property by fraud, and that the corporation had actual knowledge thereof, *is held* sufficient to state a cause of action against the corporation, and the corporation may be joined as a party defendant.

**6. Pleadings §§ 2, 19b—**

Plaintiff may unite in a single action several causes of action if they all arise out of the same transaction or transactions connected with the same subject matter, and tell a connected story forming a general scheme tending to a single end.

**6. Pleadings § 19b—**

Where there is no misjoinder of causes of action, the fact that one defendant may not be a proper or necessary party is not ground for demurrer, but may be regarded as surplusage.

APPEAL by plaintiff from *Bone, J.,* March 1951 Term, WAKE.

Civil action for the cancellation of the written part of a contract, for a restraining order and for an accounting.

Plaintiff and defendant Swain on and prior to 26 July, 1947, were tenants in common and as such owned certain real estate and personal property in the city of Raleigh. This property was known as the R & S Packing Company and consisted of lands, buildings, slaughter house, equipment, improvements and additions. Plaintiff bargained to convey her interest to defendant Swain. She thereafter instituted this action

to vacate her contract to convey said property alleging fraud in its procurement.

Defendant Swain and the corporate defendant filed separate demurrers to the complaint on the ground that the complaint does not state a cause of action against either defendant and on the further ground that there is a misjoinder of parties defendant and causes of action.

From a judgment sustaining the demurrers of both defendants, and dismissing the action, plaintiff appealed, assigning errors.

*Wheeler Martin, Clem B. Holding, and Douglass & McMillan for plaintiff, appellant.*

*Brassfield & Maupin and R. Roy Carter for defendants, appellees.*

VALENTINE, J. A demurrer admits the truth of all allegations of fact and such inferences of fact as can reasonably be drawn from a pleading. As against a demurrer, a complaint must be liberally construed and every reasonable inference and intendment deducible therefrom must be resolved in favor of the pleader before a demurrer prevails. A pleading cannot be overthrown by a demurrer unless it is wholly insufficient. If, upon a liberal construction of the entire pleading, any part presents facts or reasonable inferences of fact which taken as true make out a cause of action, the pleading is sufficient to repel the attack of the demurrer. *Mills Co. v. Shaw, Comr. of Revenue,* 233 N.C. 71, 62 S.E. 2d 487; *Sparrow v. Morrell & Co.,* 215 N.C. 452, 2 S.E. 2d 365; *Meyer v. Fenner,* 196 N.C. 476, 146 S.E. 82; *Deaton v. Deaton,* 234 N.C. 539; *Guerry v. Trust Co.,* 234 N.C. 644.

On this question, *Barnhill, J.,* in *Mills Co. v. Shaw, Comr. of Revenue, supra,* said: "It must be fatally defective in that it fails to allege any fact or combination of facts which, if true, entitles plaintiff to some relief." *Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874; *Fairbanks, Morse & Co. v. Murdock Co.,* 207 N.C. 348, 177 S.E. 122.

The complaint in the instant case presents a difficult question, but viewed in the light of the controlling principles of law, we are led to the conclusion that it is sufficient to repel the demurrers of the defendants.

The pertinent facts stated in the complaint are as follows: On and prior to 26 July, 1947, plaintiff and defendant Swain owned as tenants in common certain real and personal property in the city of Raleigh, known as the R & S Packing Company. This property consisted of land, buildings, slaughter house, improvements and equipment. Plaintiff owned 3/4ths interest in the land and 5/8ths interest in the improvements, additions and equipment, while the defendant Swain owned 1/4th interest in the land and 3/8ths interest in the improvements, additions and equipment. Upon negotiations instituted by Swain, plaintiff agreed to

sell and Swain agreed to purchase plaintiff's interest in both the real and personal property at the price of $150,000. It was agreed that this contract should be carried out by the execution and delivery to the plaintiff of two series of promissory notes signed by defendant Swain and his wife, Pearl M. Swain, one series aggregating $30,000 and the other series aggregating $120,000. These notes were to be payable at various intervals beginning 1 January, 1949, to and including 1 January, 1960. The total of both series of notes represented the total consideration agreed upon as the purchase price of plaintiff's interest in said property. It was further agreed that a part of the contract would be written embodying the terms and conditions of the sale of the property and reciting a consideration of $30,000. The series of notes aggregating $120,000 for some reason not disclosed by the record were not to appear in the written part of the contract.

On 26 July, 1947, D. M. Roberson, husband and agent of plaintiff, and defendant Swain met in Williamston, North Carolina, to complete the transaction. Swain had prepared all of the notes, including those set out in the paper writing and those agreed to be delivered in addition thereto, but none of the notes had been signed by the wife of defendant Swain. The contract provided that all of the notes were to be signed by both Swain and his wife. When this discrepancy was called to the attention of Swain by plaintiff's agent, Swain represented to plaintiff's agent that he would take all of said notes back to Raleigh and in compliance with the original agreement would obtain the signature of his wife to all of the notes and immediately return them to the plaintiff. It was upon this statement and representation that plaintiff's husband delivered to defendant Swain the paper writing with the notes. At that time it was the distinct understanding between plaintiff's agent and defendant Swain that Swain would have his wife execute all of said notes and would immediately forward them to the plaintiff. Defendant Swain has kept the written part of the contract, but has failed and refused and still fails and refuses to deliver to the plaintiff said notes representing the consideration of said agreement.

The plaintiff sets forth in her complaint that the statements and representations made by the defendant Swain to her agent that he would have said notes executed according to the agreement and return them to the plaintiff were false and that defendant Swain knew the statements were false and that they were made by him with the intent to deceive the plaintiff and that relying upon said false representations, plaintiff was deceived to her injury in delivering to said Swain the written part of the agreement. The complaint alleges that a delivery of the paper writing upon the consideration and upon the representation of Swain makes the

delivery of the written part of the contract ineffectual in law and that it should be set aside.

The complaint further alleges that defendant Swain has caused to be formed a corporation which is designated as R & S Packing Company, the identical name by which the property holding of plaintiff and defendant Swain is known, and that the title to said property has been put in the name of the corporation by Swain; that the grantee had knowledge of the fraud; and that a transfer of the property by said corporation would be detrimental and injurious to the rights of the plaintiff. The complaint asserts that in some way the defendant Swain owns a majority of the stock of said corporation and that by reason of the matters and things alleged in the complaint, she is entitled to an order restraining the corporation from disposing of any of the property above mentioned.

The contract here is for the sale of both real and personal property. *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561. The essential problem arises from the delivery of the written portion of the contract. The contention of the plaintiff is that the paper writing represented only a portion of the contract and that the whole contract included the execution and delivery of notes by the defendant Swain and his wife in the aggregate amount of $150,000, and that the written part of the contract was delivered upon the strength of the false and fraudulent representations made by defendant Swain. Since the written part of the contract falls within the statute of frauds, delivery of it is a prerequisite to its effectiveness. "Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title." *Insurance Co. v. Cordon,* 208 N.C. 723, 182 S.E. 496.

Whether the paper writing was delivered or whether its physical passage into the hands of Swain was induced by his fraudulent representations are jury questions upon the evidence to be adduced at the trial and upon appropriate instructions from the court. *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028; *Fortune v. Hunt,* 149 N.C. 358, 63 S.E. 82; *Tarlton v. Griggs,* 131 N.C. 216, 42 S.E. 591; *Carroll v. Smith,* 163 N.C. 204, 79 S.E. 497; *Lee v. Parker,* 171 N.C. 144, 88 S.E. 217; *Insurance Co. v. Cordon, supra.*

If the physical delivery of the paper writing was conditioned upon a delivery to the plaintiff of the notes representing the purchase price properly signed by Swain and his wife, upon a failure of that condition the delivery is ineffectual. *Lerner Shops v. Rosenthal,* 225 N.C. 316, 34 S.E. 2d 206. But the plaintiff bottoms her cause of action upon the fraud of the defendant Swain and not upon a conditional delivery of the paper writing.

Be that as it may, it is well established in this jurisdiction that parol evidence may be used to show that an obligation is assumed only upon

certain contingencies. *Jones v. Casstevens,* 222 N.C. 411, 23 S.E. 2d
303; *Kindler v. Trust Co.,* 204 N.C. 198, 167 S.E. 811; *Thomas v. Carteret,* 182 N.C. 374, 109 S.E. 384; *Insurance Co. v. Morehead,* 209 N.C.
174, 183 S.E. 606. This is certainly true when the delivery of a paper
writing is induced by fraudulent representations as here alleged.

When a representation contains all the elements of fraud except that it
is not a representation of an existing fact but is promissory in nature,
the "state of mind" of the promissor is material. If he made the promissory representations merely to mislead the promisee with no intent to
comply with the promise, and the other elements of fraud are made to
appear, such representations will support an action in fraud notwithstanding the promissory nature of the representation, for the "state of
mind" of the promissor is a subsisting fact. What his condition of mind
was at the time and his intent in respect to the fulfillment of the promise
presents a question for the jury. *Laundry Machinery Co. v. Skinner,*
225 N.C. 285, 34 S.E. 2d 190; *Williams v. Williams,* 220 N.C. 806, 18
S.E. 2d 364; *Bank v. Yelverton,* 185 N.C. 314, 117 S.E. 299.

Therefore, it appears plaintiff has stated facts sufficient to repel a
demurrer.

As to the demurrer of defendant corporation: A logical inference to
be drawn from the plaintiff's complaint is that defendant Swain has
caused to be formed a corporation bearing the identical name as that used
to designate the property holdings of the plaintiff and defendant Swain
and that he caused the title to the property in question to be placed in the
name of the corporation. Just how this was accomplished does not clearly
appear. The complaint is, however, susceptible to an inference that this
fact is a part of the manipulations of defendant Swain in his effort to
gain control and ownership of the property for $30,000, when in fact it
is worth $150,000. The complaint is susceptible also to the inference that
the corporation was created by the defendant Swain for the purpose of
confusing the issue and of juggling the property in such a way as to defeat
the plaintiff's claim.

The complaint in the instant case relates a connected story forming a
general scheme and tending to a single end. The plaintiff may unite in
a single complaint several causes of action if they all arise out of the same
transaction or a transaction connected with the same subject matter.
*Shaffer v. Bank,* 201 N.C. 415, 160 S.E. 481.

While the complaint does not state specifically that the formation of
the corporation for the purpose of taking title to the property was a part
of the fraudulent plan and purpose of defendant Swain to obtain plaintiff's property for an inadequate consideration, an inference to that effect
is permissible from the entire complaint. "And if the objects of the suit
are single, and it happens that different persons have separate interests

in distinct questions which arise out of the single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject." *Barkley v. Realty Co.,* 211 N.C. 540, 191 S.E. 3.

If the corporation is not a proper or necessary party, this fact may be regarded as surplusage and is not grounds for a demurrer. *Shuford v. Yarborough,* 197 N.C. 150, 147 S.E. 824; *Furniture Co. v. R. R.,* 195 N.C. 636, 143 S.E. 242.

The cases cited in defendant's brief have been thoroughly examined and are factually distinguishable from the instant case.

Applying the applicable rules of law, we must conclude that the plaintiff is entitled to be heard upon the merits of the case and that the demurrers of the defendants were improperly sustained.

The ruling of the court below is

Reversed.