69 S.E.2d 15 (1952)
235 N.C. 50
ROBERSON
v.
SWAIN et al.
No. 451.
Supreme Court of North Carolina.
February 1, 1952.
*17 Wheeler Martin, Williamston, Clem B. Holding, and Douglass & McMillan, all of Raleigh, for plaintiff-appellant.
Brassfield & Maupin, and R. Roy Carter, all of Raleigh, for defendants-appellees.
VALENTINE, Justice.
A demurrer admits the truth of all allegations of fact and such inferences of fact as can reasonably be drawn from a pleading. As against a demurrer, a complaint must be liberally construed and every reasonable inference and intendment deducible therefrom must be resolved in favor of the pleader before a demurrer prevails. A pleading cannot be overthown by a demurrer unless it is wholly insufficient. If, upon a liberal construction of the entire pleading, any part presents facts or reasonable inferences of fact which taken as true make out a cause of action, the pleading is sufficient to repel the attack of the demurrer. Wiscassett Mills Co. v. Shaw, Com'r of Revenue, 233 N.C. 71, 62 S.E.2d 487; Sparrow v. John Morrell & Co., 215 N.C. 452, 2 S.E.2d 365; Meyer v. Fenner & Beane, 196 N.C. 476, 146 S.E. 82; Deaton v. Deaton, 234 N.C. 538, 539, 67 S.E.2d 626; Guerry v. American Trust Co., 234 N.C. 644, 68 S.E.2d 272.
On this question, Barnhill, J., in Wiscassett Mills Co. v. Shaw, Com'r of Revenue, supra [233 N.C. 71, 62 S.E.2d 488], said: "It must be fatally defective in that it fails to allege any fact or combination of facts which, if true, entitles plaintiff to some relief." Blackmore v. Winders, 144 N.C. 212, 56 S.E. 874; Fairbanks, Morse & Co. v. J. A. Murdock Co., 207 N.C. 348, 177 S.E. 122.
The complaint in the instant case presents a difficult question, but viewed in the light of the controlling principles of law, we are led to the conclusion that it is sufficient to repel the demurrers of the defendants.
The pertinent facts stated in the complaint are as follows: On and prior to July 26, 1947, plaintiff and defendant Swain owned as tenants in common certain real and personal property in the city of Raleigh, known as the R & S Packing Company. This property consisted of land, buildings, slaughterhouse, improvements and equipment. Plaintiff owned 3/4ths interest in the land and 5/8ths interest in the improvements, additions and equipment, while the defendant Swain owned 1/4th interest in the land and 3/8ths interest in the improvements, additions and equipment. Upon negotiations instituted by Swain, plaintiff agreed to sell and Swain agreed to purchase plaintiff's interest in both the real and personal property at the price of $150,000. It was agreed that this contract should be carried out by the execution and delivery to the plaintiff of two series of promissory notes signed by defendant Swain and his wife, Pearl M. Swain, one series aggregating $30,000 and the other series aggregating $120,000. These notes were to be payable at various intervals beginning January 1, 1949 to and including January 1, 1960. The total of both series of notes represented the total consideration agreed upon as the purchase price of plaintiff's interest in said property. It was further agreed that a part of the contract would be written embodying the terms and conditions of the sale of the property and reciting a consideration of $30,000. The series of notes aggregating $120,000 for some reason not disclosed by the record were not to appear in the written part of the contract.
*18 On July 26, 1947, D. M. Roberson, husband and agent of plaintiff, and defendant Swain met in Williamston, North Carolina, to complete the transaction. Swain had prepared all of the notes, including those set out in the paper writing and those agreed to be delivered in addition thereto, but none of the notes had been signed by the wife of defendant Swain. The contract provided that all of the notes were to be signed by both Swain and his wife. When this discrepancy was called to the attention of Swain by plaintiff's agent, Swain represented to plaintiff's agent that he would take all of said notes back to Raleigh and in compliance with the original agreement would obatin the signature of his wife to all of the notes and immediately return them to the plaintiff. It was upon this statement and representation that plaintiff's husband delivered to defendant Swain the paper writing with the notes. At that time it was the distinct understanding between plaintiff's agent and defendant Swain that Swain would have his wife execute all of said notes and would immediately forward them to the plaintiff. Defendant Swain has kept the written part of the contract, but has failed and refused and still fails and refuses to deliver to the plaintiff said notes representing the consideration of said agreement.
The plaintiff sets forth in her complaint that the statements and representations made by the defendant Swain to her agent that he would have said notes executed according to the agreement and return them to the plaintiff were false and that defendant Swain knew the statements were false and that they were made by him with the intent to deceive the plaintiff and that relying upon said false representations, plaintiff was deceived to her injury in delivering to said Swain the written part of the agreement. The complaint alleges that a delivery of the paper writing upon the consideration and upon the representation of Swain makes the delivery of the written part of the contract ineffectual in law and that it should be set aside.
The complaint further alleges that defendant Swain has caused to be formed a corporation which is designated as R & S Packing Company, the identical name by which the property holding of plaintiff and defendant Swain is known, and that the title to said property has been put in the name of the corporation by Swain; that the grantee had knowledge of the fraud; and that a transfer of the property by said corporation would be detrimental and injurious to the rights of the plaintiff. The complaint asserts that in some way the defendant Swain owns a majority of the stock of said corporation and that by reason of the matters and things alleged in the complaint, she is entitled to an order restraining the corporation from disposing of any of the property above mentioned.
The contract here is for the sale of both real and personal property. Jamerson v. Logan, 228 N.C. 540, 46 S.E.2d 561, 15 A.L.R.2d 1325. The essential problem arises from the delivery of the written portion of the contract. The contention of the plaintiff is that the paper writing represented only a portion of the contract and that the whole contract included the execution and delivery of notes by the defendant Swain and his wife in the aggregate amount of $150,000, and that the written part of the contract was delivered upon the strength of the false and fraudulent representations made by defendant Swain. Since the written part of the contract falls within the statute of frauds, delivery of it is a prerequisite to its effectiveness. "Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title." Union Central Life Insurance Co. v. Cordon, 208 N.C. 723, 182 S.E. 496, 497.
Whether the paper writing was delivered or whether its physical passage into the hands of Swain was induced by his fraudulent representations are jury questions upon the evidence to be adduced at the trial and upon appropriate instructions from the court. Gaylord v. Gaylord, 150 N.C. 222, 63 S.E. 1028; Fortune v. Hunt, 149 N.C. 358, 63 S.E. 82; Tarlton v. Griggs, 131 N.C. 216, 42 S.E. 591; Carroll v. Smith, 163 N.C. 204, 79 S.E. 497; Lee v. Parker, 171 N.C. 144, 88 S.E. 217; Union Central Life Insurance Co. v. Cordon, supra.
*19 If the physical delivery of the paper writing was conditioned upon a delivery to the plaintiff of the notes representing the purchase price properly signed by Swain and his wife, upon a failure of that condition the delivery is ineffectual. Lerner Shops v. Rossenthal, 225 N.C. 316, 34 S.E. 2d 206. But the plaintiff bottoms her cause of action upon the fraud of the defendant Swain and not upon a conditional delivery of the paper writing.
Be that as it may, it is well established in this jurisdiction that parol evidence may be used to show that an obligation is assumed only upon certain contingencies. Jones v. Casstevens, 222 N.C. 411, 23 S.E.2d 303; Kindler v. Wachovia Bank & Trust Co., 204 N.C. 198, 167 S.E. 811; Thomas v. Carteret, 182 N.C. 374, 109 S.E. 384; Jefferson Standard Life Insurance Co. v. Morehead, 209 N.C. 174, 183 S.E. 606. This is certainly true when the delivery of a paper writing is induced by fraudulent representations as here alleged.
When a representation contains all the elements of fraud except that it is not a representation of an existing fact but is promissory in nature, the "state of mind" of the promissor is material. If he made the promissory representations merely to mislead the promisee with no intent to comply with the promise, and the other elements of fraud are made to appear, such representations will support an action in fraud notwithstanding the promissory nature of the representation, for the "state of mind" of the promissor is a subsisting fact. What his condition of mind was at the time and his intent in respect to the fulfillment of the promise presents a question for the jury. American Laundry Machinery Co. v. Skinner, 225 N.C. 285, 34 S.E.2d 190; Williams v. Williams, 220 N.C. 806, 18 S.E.2d 364; Planters' Bank & Trust Co. v. Yelverton, 185 N.C. 314, 117 S.E. 299.
Therefore, it appears plaintiff has stated facts sufficient to repel a demurrer.
As to the demurrer of defendant Corporation: A logical inference to be drawn from the plaintiff's complaint is that defendant Swain has caused to be formed a corporation bearing the identical name as that used to designate the property holdings of the plaintiff and defendant Swain and that he caused the title to the property in question to be placed in the name of the corporation. Just how this was accomplished does not clearly appear. The complaint is, however, susceptible to an inference that this fact is a part of the manipulations of defendant Swain in his effort to gain control and ownership of the property for $30,000, when in fact it is worth $150,000. The complaint is susceptible also to the inference that the corporation was created by the defendant Swain for the purpose of confusing the issue and of juggling the property in such a way as to defeat the plaintiff's claim.
The complaint in the instant case relates a connected story forming a general scheme and tending to a single end. The plaintiff may unite in a single complaint several causes of action if they all arise out of the same transaction or a transaction connected with the same subject-matter. Shaffer v. Bank, 201 N.C. 415, 160 S.E. 481.
While the complaint does not state specifically that the formation of the corporation for the purpose of taking title to the property was a part of the fraudulent plan and purpose of defendant Swain to obtain plaintiff's property for an inadequate consideration, an inference to that effect is permissible from the entire complaint "And if the objects of the suit are single, and it happens that different persons have separate interests, in distinct questions which arise out of the single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject." Barkley v. McClung Realty Co., 211 N.C. 540, 191 S.E. 3, 5.
If the corporation is not a proper or necessary party, this fact may be regarded as surplusage and is not grounds for a demurrer. Shuford v. Yarborough, 197 N.C. 150, 147 S.E. 824; Star Furniture Co. v. Carolina & N. W. R. R., 195 N.C. 636, 143 S.E. 242.
The cases cited in defendant's brief have been thoroughly examined and are factually distinguishable from the instant case.
*20 Applying the applicable rules of law, we must conclude that the plaintiff is entitled to be heard upon the merits of the case and that the demurrers of the defendants were improperly sustained.
The ruling of the court below is
Reversed.