### J. W. GODWIN v. J. D. GARDNER.

#### (Filed 5 October, 1921.)

**Pleadings—Issues—Evidence—Nonsuit—Demurrer—Trials.**

> Where the complaint states a good cause of action to recover upon defendant's notes secured by chattel mortgage, and the chattels are taken into possession by claim and delivery, which in turn are delivered to an intervener under bond for possession, the answer of the intervener stating that the defendant's property had been taken upon his adjudication as a bankrupt and his property thereunder distributed according to their respective priorities, raises matters of defense and are pleas in bar, which may neither be determined by motion as of nonsuit or on demurrer *ore tenus.*

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1921, of HERTFORD.

Civil action, founded on contract and growing out of a certain promissory note and mortgage executed by the defendant and delivered to the plaintiff on 19 June, 1915. As an ancillary remedy, plaintiff seized the mortgaged property and took same into his possession under a writ of claim and delivery at the time of issuing summons. Jenkins & Boyette subsequently intervened and claimed title to said property by virtue of a prior mortgage, antedating that of the plaintiff's. Upon the execution of a bond, the property was turned over to the interveners.

The defendant filed no answer, but the interveners replied and set up, as an affirmative defense, that since the institution of this action the defendant had been adjudged a bankrupt, and, upon order of the Federal Court, the mortgaged property had been turned over to the trustee in bankruptcy. It was further alleged, in bar of the plaintiff's right to

recover, that all the assets of the defendant, J. D. Gardner, had been administered in said court—the plaintiff and other creditors being paid their pro rata part, according to their respective priorities—and that the defendant had been duly granted his full discharge by the bankrupt court.

Upon motion, there was a judgment as of nonsuit entered on the pleadings. Plaintiff appealed.

*Roswell C. Bridger, S. Brown Shepherd, and N. G. Fonville for plaintiff.*

*No counsel for defendant.*

STACY, J. While it is stated in the record that a judgment of nonsuit was entered on the pleadings, we will assume that the action was dismissed on a demurrer *ore tenus.* But, in either view, the judgment was erroneous.

Matters set up in defense, or as a bar to the plaintiff's suit, and requiring proof, may not be considered upon a demurrer. *Wood v. Kincaid,* 144 N. C., 393.

A good cause of action is stated in the complaint; hence, the judgment of the Superior Court must be set aside and the parties will proceed as they may be advised. The other questions discussed in plaintiff's brief are not before us for decision.

Reversed.