W. A. TAYLOR v. THE POSTAL LIFE INSURANCE COMPANY ET AL.

(Filed 12 October, 1921.)

1. **Pleadings — Misjoinder — Parties — Causes of Action —Severance— Statutes.**

A demurrer will be sustained for a misjoinder of both parties and causes of action in the same action, and a severance thereof is not permissible. C. S., 516.

**2. Same—Multifariousness—Related Transactions.**

In an action against a life insurance company and the beneficiaries, to recover upon a policy, the plaintiff alleged that the insured, then deceased, had previously assigned or transferred his policy to him, and the beneficiaries answered, setting up as a cross-action or counterclaim that the plaintiff and deceased had purchased lands in common, and that in their partnership dealings the deceased had assigned the policy upon certain conditions which the plaintiff had failed to perform. The insurance company paid the amount of the policy into court to await the final disposition of this controversy: *Held,* the matters alleged in the counterclaim or cross-action were not so unrelated and independent of each other as to make the defendant's pleading defective for multifariousness; and that the matters for adjudication arose out of the same transaction, or series of transactions, making a complete whole, and the plaintiff's demurrer thereto was bad. C. S., 507.

APPEAL by plaintiff from *Horton, J.,* at August Term, 1920, of PITT.

Civil action to recover the amount of an insurance policy issued on the life of J. C. Taylor and by him duly assigned to his brother, W. A. Taylor, plaintiff herein. The widow of deceased denies the right of plaintiff to receive the proceeds of said policy of insurance, and has set up by way of cross-action and counterclaim that the plaintiff and his brother purchased certain lands in common, and that in their partnership dealings the policy in question was assigned upon condition that the said W. A. Taylor would convey to J. C. Taylor two tracts of land held by him in trust for their mutual benefit. Defendant further alleges that plaintiff neglected to make such conveyance during the lifetime of her husband, and that he now refuses to carry out his part of the contract. Wherefore, she asks for an accounting and an adjustment of these matters before plaintiff is allowed to collect said insurance.

Plaintiff demurred to the counterclaim upon the ground of a misjoinder of parties and causes of action. His Honor overruled the demurrer and, by consent, permitted the insurance company to relieve itself from further liability by paying the amount of its policy into court, and it was ordered that said funds be held by the clerk to await the final determination of the issues raised by the pleadings. Plaintiff appealed.

*Skinner & Whedbee for plaintiff.*
*Julius Brown for defendants.*

STACY, J. It has been held with us in a uniform line of decisions that, where there is a misjoinder of both parties and causes of action in the same pleading, a demurrer for this reason will be sustained, and that a separation or division in such a case is not permissible under C. S., 516. *Rose v. Warehouse Co., ante,* 107; *Roberts v. Mfg. Co.,* 181 N. C., 204, and cases there cited.

But as said in *Quarry Co. v. Construction Co.,* 151 N. C., 345:

"If the grounds of the bill be not entirely distinct and wholly unconnected, if they arise out of one and the same transaction or series of transactions, forming one course of dealing and tending to one end, if one connected story can be told of the whole, then the objection cannot apply. *Bedsole v. Monroe,* 40 N. C., 313.

"The plaintiff may unite in the same complaint several causes of action when they arise out of the same transaction or transactions connected with the same subject of action, the purpose being to extend the right of the plaintiff to join actions, not merely by including equitable as well as legal causes of action, but to make the ground broad enough to cover all causes of action which the plaintiff may have against the defendant arising out of the same *subject* of action, so that the Court may not be forced 'to take two bites at a cherry,' but may dispose of the whole subject of controversy and its incidents and corollaries in one action." *Hamlin v. Tucker,* 72 N. C., 502.

Applying these principles, we do not think the causes of action set out in the defendant's answer and counterclaim are so unrelated and independent of each other as to make the pleading defective for multifariousness. All the matters sought to be adjudicated arise out of the same transaction, or series of transactions which make one composite whole. The final adjustment of the insurance money is linked with the settlement of these items and with the estate. Under C. S., 507, such causes may be united in the same complaint. *Oyster v. Mining Co.,* 140 N. C., 135; *Fisher v. Trust Co.,* 138 N. C., 224.

Therefore, upon authority, we think the action of his Honor in overruling the demurrer and refusing to strike out the defendant's further defense and counterclaim must be sustained.

Affirmed.