GEORGE E. CHERRY, Jr., v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 March, 1923.)

**1. Demurrer—Pleadings—Answer—Jurisdiction—Statutes.**

A demurrer to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a cause of action, may be entered after answer filed, and the principle upon which it is ordinarily required that the answer be first withdrawn with leave of the court before demurring to the complaint, does not apply. C. S., 518.

**2. Demurrer — Pleadings—Answer—Negligence—Actions—Cause of Action—Proximate Cause.**

The complaint in an action against a railroad company to recover damages for a personal injury, alleged that the plaintiff, nine years of age, at the request of defendant's station agent, took a letter relating to defendant's business, to mail it on a train; and after having done so, and upon returning, stumbled over a pile of cinders that had been left on the edge of the "roadway" by the defendant, in violation of a city ordinance, and was consequently injured by a passing train: *Held,* sufficient to take the case to the jury.

**3. Municipal Corporations—Cities and Towns—"Roadway"—Streets and Sidewalks—Words and Phrases.**

Where a city ordinance prohibits a railroad company from leaving cinders piled on its street, an allegation that the railroad had left a pile of cinders on the "edge of its roadway," in violation of the ordinance, is sufficient, when pertinent to the inquiry, to be submitted to the jury upon the question whether the railroad company had violated the ordinance in having left the cinders piled upon the "street."

**4. Demurrer—Pleadings—Answer—Speaking Demurrer.**

Where the defendant, after filing answer, has demurred to the sufficiency of the complaint to state a cause of action, the allegations of the answer may not be invoked as an aid to the demurrer, since a "speaking demurrer" is not permissible, and the allegations of the complaint, regarding them in the light favorable to the plaintiff, will alone be considered.

**5. Demurrer — Evidence—Pleadings—Contributory Negligence—Burden of Proof.**

Contributory negligence must generally be shown by the defendant pleading it, and a demurrer to the complaint will be overruled when the defendant's negligence is sufficiently alleged and there is no allegation of any matter from which contributory negligence may be legally inferred.

APPEAL by plaintiff from *Calvert, J.,* at September Term, 1922, of PITT.

After the jury had been impaneled, the defendant demurred *ore tenus* to the complaint, and from a judgment sustaining the demurrer and dismissing the action the plaintiff appealed.

*F. C. Harding, F. G. James & Son, and D. M. Clark for plaintiff.*
*Skinner & Whedbee for defendant.*

ADAMS, J.   Generally speaking, a demurrer may not be entertained after the answer is filed unless by leave of court the answer is withdrawn, because a defendant is not permitted to answer and demur to one cause of action at the same time.   *Finch v. Baskerville,* 85 N. C., 205; *Moseley v. Johnson,* 144 N. C., 257; *Rosenbacker v. Martin,* 170 N. C., 236. But this ruling does not apply when objection is entered to the jurisdiction of the court or to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   C. S., 518, and cases cited.

After the jury had been impaneled in this case, and presumably after the pleadings had been read, the defendant demurred *ore tenus* to the complaint and moved to dismiss the action for the assigned reason that the complaint does not state a cause of action.   Thereby the defendant admitted the truth of the allegations in the complaint, which must be construed in the aspect most favorable to the plaintiff.   *Quarry Co. v. Construction Co.,* 151 N. C., 345; *Wilcox v. R. R.,* 152 N. C., 316; *Kendall v. Highway Com.,* 165 N. C., 600; *McGehee v. R. R.,* 147 N. C., 142; *Green v. Tel. Co.,* 136 N. C., 489:

What, then, are the plaintiff's allegations? He says that he was nine years of age when he was injured; that while he was at the defendant's station in the town of Greenville he was requested by the defendant's station agent to mail a letter on one of the defendant's trains which at that time had just started to move from the depot, or was moving slowly; that the letter was addressed to one of the defendant's officers in the city of Wilmington, and related to the defendant's business; that the plaintiff mailed the letter as requested, and while returning along a path at the "edge of the roadway" stumbled over a pile of coal cinders which the defendant had left in the roadway in violation of a town ordinance and was injured by the passing train. The principal alleged acts of negligence are the breach of the town ordinance and the negligent employment by the defendant of an immature and inexperienced youth to go upon a dangerous mission. There are other allegations in the complaint to which we need not more particularly refer. The question is whether the allegations state any cause of action.

While the complaint is not specific or definite as to the proximate cause of the injury, and as to other matters which may be material on the trial, we cannot hold as a matter of law that it is fatally defective by reason of vagueness, or uncertainty, for circumstances are alleged which, if established at the trial by a preponderance of the evidence in accordance with the plaintiff's contentions, will entitle the plaintiff to relief, and this is one of the tests of the sufficiency of the alleged cause of action.

It is contended that the cinders were not in the street, but in the roadway. "Roadway" means a road, and the word "road," while generally applied to highways, has a broader generic sense, including street as well as highway. Web. In. Dic.; *People v. Comrs.,* 4 Neb., 150; *Dubuque County v. Dubuque Company,* 4 G. Greene, 1, 14, 15; *In re Sharett's Road,* 8 Pa. (8 Barr), 89. Whether the defendant piled cinders in the street in breach of a town ordinance is a matter of proof.

Upon the argument here reference was made to the denials and allegations in the answer, but the answer cannot be invoked in aid of the demurrer. In *Wood v. Kincaid,* 144 N. C., 394, the Court said: "A demurrer is an objection that the pleading against which it is directed is insufficient in law to support the action or defense, and that the demurrant should not, therefore, be required to further plead. It is not its office to set out facts, but it must stand or fall by the facts as alleged in the opposing pleadings, and it can raise only questions of law as to their sufficiency. It is a fundamental rule of law that a demurrer will only lie for defects which appear upon the face of the alleged defective pleading, and extraneous or collateral facts stated in the demurrer cannot be considered in deciding upon its validity. A demurrer averring any

fact not stated in the pleading which is attacked, commonly called a 'speaking demurrer,' is never allowable." *Von Glahn v. De Rosset,* 76 N. C., 292; *Godwin v. Gardner,* 182 N. C., 97; *Trust Co. v. Wilson, ibid.,* 166; *S. v. Scott, ibid.,* 870.

The defendant argues, also, that the plaintiff was guilty of contributory negligence which bars his recovery. It will be noted that no evidence was offered at the trial, and that the demurrer relates only to the allegations in the complaint. The plaintiff alleges that on the occasion of the injury he was an inexperienced boy and did not appreciate the risks and dangers incident to mailing the letter; and, moreover, that he was injured, not by reason of his effort to reach the train, but through the negligence of the defendant in obstructing the roadway. Under these circumstances the question whether the plaintiff was negligent is to be determined by the jury upon proof offered at the trial. C. S., 523.

Of course we express no opinion on the merits of the action, but merely hold that the demurrer should have been overruled. The judgment is

Reversed.