Civil action for recovery for destruction of property by fire — heard upon demurrer to complaint.
In their complaint, plaintiffs, husband and wife, allege that on 14 July, 1942, by reason of joint and concurrent negligence of defendant, Standard Oil Company of New Jersey, and its superintendent and vice-principal, Lauriston Hardin, in the manner alleged, these properties, owned as respectively indicated, were destroyed: (1) "The home and residence of plaintiffs," and other specified improvements, standing on a piece, parcel and tract of land located in the town of Waynesville, North Carolina, of which "the plaintiff, Juanita Walker, was the owner," and "that while the deed to said property was vested in the name of Juanita Walker, her coplaintiff and husband, Paul Walker, had an equity in said real estate and improvements erected thereon, and for this reason is made a party plaintiff to this action"; (2) "furniture and equipment" in "the plaintiffs' said home," "including kitchen equipment and utensils, bathroom equipment, linens, lamps, china, silver, jewelry, clothing of various kinds and description for both male and female, including costly wedding presents and rugs," itemized statement of which is attached to complaint and marked "Exhibit A," which is a descriptive list of approximately three hundred and fifty items, including items of wearing apparel for men, women and children; "that said articles of personal property . . . were primarily owned by the plaintiff, Juanita Walker, but certain articles of said property, such as wedding presents, *Page 608 
were owned jointly by Juanita Walker and husband, Paul Walker, and that the said Paul Walker has an equity and interest in all of said personal property and for said reason is made a party plaintiff with his said wife in this action"; and (3) "their books, ledgers and accounts receivable records, indebtedness against various and sundry parties" in connection with a discontinued automobile business; "that said accounts and evidence of indebtedness had been assigned to the plaintiffs and were the property of the plaintiffs on the date set forth"; and for all of which recovery is prayed. And (4) it is also alleged: "13. That at the time of the destruction of plaintiffs' property as hereinbefore set forth, the plaintiff, Paul Walker, was temporarily absent from home in Baltimore, Maryland, and that by reason of the wrongful and unlawful conduct of the defendant, Standard Oil Company of New Jersey and of Lauriston Hardin, as hereinbefore set forth, it became and was necessary for the plaintiff, Paul Walker, to make a trip to Waynesville for the purpose of assisting his family after having lost their home and all personal belongings and that the necessary expenses incurred in making said trip and loss of time from his employment, amounted to $148.00, for which said amount the defendants are justly indebted to the plaintiffs."
Defendants demurred to the complaint for that it appears upon the face thereof that there is a misjoinder of parties and of causes of action.
The court, being of opinion that the demurrer should be sustained, entered judgment in accordance therewith, and dismissed the action. Plaintiffs appeal therefrom to Supreme Court and assign error.
Plaintiffs, appellants, in their brief filed on this appeal, state that "when the demurrer was interposed, plaintiffs, in order that they might not be delayed in the trial of their action . . . agreed that the court might strike paragraph 13 from the complaint — that is, the item representing the expenses of $148.00." This was tantamount to taking a nonsuit on this cause of action in which male plaintiff alone is interested — a right which plaintiffs could exercise at any time before verdict. When this cause of action is eliminated, and admitting the truth of the facts alleged in the complaint with respect to the other three causes of action, as we must do in testing the demurrer, there is neither misjoinder of parties nor misjoinder of causes of action. Hence, the judgment below is reversed, and the cause remanded for further procedure in accordance with law.
Reversed. *Page 609