ELIZABETH EZZELL, LOU COX, MATT BREWER, DOCKERY BREWER, DENNIS BREWER, ANNIE ELIZA ASHFORD, ADDIE EVA BEST, ADA HARGROVE; HELEN DOBBERSON, AND HATTIE MAE BREWER; AND J. H. LEWIS; ADMINISTRATOR D. B. N., C. T. A., OF PETER BREWER, DECEASED, v. EVANDER MERRITT; AND A. K. PARKER, ADMINISTRATOR OF JAMES I. GAINEY, DECEASED.

(Filed 8 November, 1944.)

1. Pleadings § 16a—

No general rule has or can be adopted with regard to multifariousness of parties and causes.

2. Same—

The court should allow the joinder of all parties interested in the subject of action and whose presence is necessary to a complete settlement of the controversy. G. S., 1-68, 1-69, 1-73.

3. Same—

The statute extends to plaintiffs the right to join actions, not merely by including equitable as well as legal causes of action, but to make the ground broad enough to cover all causes of action which a plaintiff may have against a defendant, arising out of the same subject of action, so that the court may dispose of the whole controversy, and its incidents and corollaries, in one action. G. S., 1-123.

4. Same—

In an action by heirs at law to recover for the estate of their father money, allegedly due on a verbal promise of defendant, who purchased the

share of one of such heirs, to pay to the estate the same amount as a note of such heir, secured by mortgage on her share of her father's land and payable personally to the executor of her father's estate, who died prior to the suit, there is no error in making the administrator, *c. t. a.* and *d. b. n.* of the father's estate a party plaintiff and the administrator *c. t. a.* and *d. b. n.* of the deceased executor a party defendant.

**5. Pleadings § 13½—**

A demurrer may not be entertained after answer filed, unless by leave of court·the answer is withdrawn, because a defendant is not permitted to answer and demur to one cause of action at the same time. But this rule does not apply when objection is entered to the jurisdiction or to the complaint for failure to state a cause of action.

APPEAL by plaintiffs from *Williams, J.,* at September Term, 1944, of SAMPSON.

Civil action to recover the balance of the purchase price of certain land for the benefit of the heirs of one Peter Brewer.

Peter Brewer died in 1928, leaving a will under which James I. Gainey, one of the executors, qualified and died without fully administering said estate and filing a final account, but while acting as such executor the real estate was divided among the devisees of Peter Brewer according to the will.

Elizabeth Ezzell, one of the daughters and devisees, was allotted the tract of land which she later sold to the defendant, Evander Merritt. On 19 December, 1928, James I. Gainey loaned Elizabeth Ezzell $350.00, at 6% interest, from funds belonging to the estate and took her note for the same, payable to him personally, on 15 December, 1929, secured by her mortgage on the allotted land, also made to him personally. No payment was made on this indebtedness and taxes amounting to approximately $150.00 accumulated against the land up to the time Elizabeth Ezzell sold the land to Merritt.

The plaintiffs allege the terms of the sale were that Evander Merritt should pay Elizabeth Ezzell $50.00, assume the accumulated and unpaid taxes and in addition thereto, pay the heirs of Peter Brewer (of whom she was one) an amount equal to the principal and interest represented by the note and mortgage executed to James I. Gainey; and for said consideration, she was to make, and did make, him a deed for the land on 7 January, 1943. Merritt, plaintiffs allege, has paid the $50.00 and substantially all of the accumulated taxes, but has failed and refused to pay the heirs of Peter Brewer the amount of money he agreed to pay to them.

The defendant, Evander Merritt, filed an answer denying any agreement to pay the additional sum of $350.00, with interest, as alleged by

plaintiffs. The case came on for trial at the February Term, 1944. During the progress of the trial, the presiding judge being of the opinion an administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer should be appointed and made a party to the action, in order to protect the defendant against a claim on the part of the estate, ordered a mistrial to that end. Whereupon, at March Term, 1944, an order was made making J. H. Lewis, administrator *d. b. n., c. t. a.,* of Peter Brewer, a party plaintiff with leave to file complaint, and also making A., K. Parker, administrator of the estate of James I. Gainey, a party defendant, against whom summons should issue with copy of the original complaint and copy of the complaint of J. H. Lewis, administrator *d. b. n., c. t. a.*

Thereafter J. H. Lewis, administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer, filed a complaint in which he adopted the allegations of the original complaint in each and every particular, and further alleged that the estate of James I. Gainey has no interest in or claim to any part of the recovery sought, nor any interest in the note and mortgage executed by Elizabeth Ezzell, and demanded judgment to the end that he, as administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer, might receive and administer any sum recovered.

A. K. Parker, administrator of the estate of James I. Gainey, deceased, filed an answer admitting every material allegation of the foregoing complaint.

The defendant, Evander Merritt, without obtaining permission to withdraw his answer to the original complaint, for the purpose of demurring, filed a demurrer to both complaints, upon the ground of a misjoinder of parties and causes of action.

His Honor sustained the demurrer and dismissed the action. Plaintiffs appeal, assigning error.

*Faircloth & Faircloth for plaintiffs.*
*A. McL. Graham for defendant.*

DENNY, J. The following provisions are contained in G. S., 1-68: "All persons having an interest in the subject of the action, and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative, except as otherwise provided. If, upon the application of any party, it shall appear that such joinder may embarrass or delay the trial, the court may order separate trials or make such other order as may be expedient." G. S., 1-123, reads in part as follows: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of—1. The same transaction, or transaction connected with the same subject of action."

It is often exceedingly difficult to determine what parties may be joined as plaintiffs as well as what causes of action may be joined under the provisions contained in the foregoing statutes. "No general rule has been or can be adopted with regard to multifariousness." *Craven County v. Investment Co.*, 201 N. C., 523, 160 S. E., 753.

The action here is not for the foreclosure of the mortgage deed executed by Elizabeth Ezzell, on 19 December, 1928, nor for a judgment on the note secured thereby, but is based upon an alleged parol agreement to pay to the heirs of Peter Brewer a sum of money equal to the principal amount for which the aforesaid note was executed, together with interest thereon at the rate of 6% per annum from the date of its execution. The plaintiffs, heirs of Peter Brewer, in their complaint allege the possession of the note and mortgage and their readiness to surrender to the defendant Merritt said instrument upon the payment of the balance of the purchase money for the land conveyed, alleged to be due under said parol agreement.

J. H. Lewis, administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer, alleges no claim against the defendant Merritt in this action, save and except that alleged by his co-plaintiffs, which claim is bottomed on the alleged parol agreement hereinabove set forth, and not upon the note and mortgage securing the same, owned by said estate.

It is clear, however, that if the contract was made as alleged, it was the purpose of Elizabeth Ezzell to obtain from the defendant Merritt, an additional sum of money for the benefit of all the heirs of Peter Brewer, equal to the amount due on the note and mortgage which purports to be a lien on the land purchased by said defendant. The administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer was made a party, not upon motion of the plaintiffs who are heirs of Peter Brewer, nor for their benefit, but the court *ex mero motu,* ordered that an administrator *d. b. n., c. t. a.,* of the estate of Peter Brewer should be appointed and made a party plaintiff, in order to protect the defendant Merritt against a claim on the part of the estate, based on the note and mortgage in event of a recovery on the alleged parol agreement.

The defendant Merritt further contends that in making A. K. Parker, administrator of the estate of James I. Gainey, a party defendant, there is also a misjoinder of parties and causes of action.

G. S., 1-69, reads in part as follows: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved."

The note and mortgage were both executed to James I. Gainey individually, and not to him as administrator of the estate of Peter Brewer, as they should have been. Gainey's administrator is made a party defendant for the purpose of showing such fact, and by his answer he admits the allegations as to the ownership of the note and mortgage, and, as administrator of the estate of James I. Gainey, disclaims any interest therein.

In *Insurance Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417, a demurrer *ore tenus* was sustained in the court below, but the court allowed a motion to amend and make new parties, and to consolidate five pending actions. One of the plaintiffs disclaimed any recovery for itself, except that through it its co-plaintiffs might be reimbursed. An appeal was taken from these orders, and this Court said: "The amendment merely brings in other parties interested in this fund, and whose presence is necessary to a complete settlement of the controversy. This prevents the trial of numerous actions when the entire matter can be determined in one action. The object of consolidating two or more actions is to avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay, and especially to save unnecessary cost or expense; in short, the attainment of justice with the least expense and vexation to the parties litigant. Consolidation, however, is improper, where the conduct of the cause will be embarrassed, or complications or prejudice will result, which will injuriously affect the rights of a party." G. S., 1-73; *Craven County v. Ins. Co., supra.*

In *Young v. Young,* 81 N. C., 91, the Court in considering the same questions involved herein, quoted from *Hamlin v. Tucker,* 72 N. C., 502, as follows: "The purpose being to extend the right to plaintiffs to join actions, not merely by including equitable as well as legal causes of action, but to make the ground broad enough to cover all causes of action which a plaintiff may have against a defendant, arising out of the same subject of action, so that the court may not be forced to take 'two bites at a cherry,' but may dispose of the whole subject of controversy, and its incidents and corollaries in one action."

We think the additional parties necessary to a complete determination or settlement of the questions involved. We see no reason why the joinder of these parties should embarrass or injuriously affect the rights of the defendant Merritt. There is but one cause of action alleged against him, the other matters alleged are incidental.

Moreover, conceding but not deciding that there is a misjoinder of parties and causes of action, an answer has been filed to the original complaint and that answer has not been withdrawn by leave of court, which must be done before a demurrer can be entertained. "Generally

speaking, a demurrer may not be entertained after the answer is filed unless by leave of court the answer is withdrawn, because a defendant is not permitted to answer and demur to one cause of action at the same time. *Finch v. Baskerville,* 85 N. C., 205; *Moseley v. Johnson,* 144 N. C., 257; *Rosenbacher v. Martin,* 170 N. C., 236.` But this ruling does not apply when objection is entered to the jurisdiction of the court or to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. C. S., 518, and cases cited." *Cherry v. R. R.,* 185 N. C., 90, 116 S. E., 192.

For the reasons stated, we think the demurrer should have been overruled.