MOORE COUNTY v. E. J. BURNS, MRS. EMMA LEE BURNS and H. F. BURNS.

(Filed 29 November, 1944.)

**1. Taxation § 40b: Pleadings § 16a—**

In a suit by a county against three defendants to foreclose a tax lien (G. S., 105-391) on five tracts of land, title to tracts 1, 2, and 3, being in E. L. for life with remainder to E. J., title to tract 4 being in E. L. in fee and the other defendants never having had any interest therein, and title to tract 5 being in E. J., and the other defendants never having had any interest therein, the joinder of the third defendant, H. F., is mere surplusage and not fatal, as he is not a necessary party; but a joint demurrer for misjoinder of parties should have been sustained, and there can be no division of the action under G. S., 1-132.

**2. Pleadings § 16a—**

If any one of several defendants is a necessary or proper party as to each tract of land, in a suit to foreclose a tax lien on several tracts, the complaint is not subject to attack by joint demurrer.

APPEAL by defendants from *Olive, Special Judge,* at May Term, 1944, of MOORE. Reversed.

This is an action to foreclose tax liens on five separate tracts of land under G. S., 105-391, heard on demurrer.

Tract 1. R. L. Burns and wife, Emma Lee Burns, owned Tract 1— the home place—as tenants by entirety, and she, upon his death, some time prior to 1931, became sole owner in fee, by survivorship.

Tracts 2, 3, and 4 were owned by R. L. Burns and were devised to defendant Emma Lee Burns in fee.

Tract 5, known as the Ratcliffe tract, consists of two lots of the West Carthage subdivision. It was conveyed to defendant E. J. Burns by a third party and he now owns same in fee.

Tracts 1, 2, and 3 also were conveyed to E. J. Burns and he now owns same subject to the life estate reserved by defendant Emma Lee Burns.

Tracts 1, 2, 3, and 4 were all listed for taxation from 1931 to 1941, both inclusive, in the name of R. L. Burns Estate. Since that time Tracts 1, 2, and 3 and Tract 5 have been listed by the defendant E. J. Burns, and Tract 4 by defendant Emma Lee Burns.

So then it is made to appear on the face of the complaint that (1) Mrs. Burns is the owner of Tract 4 and the defendant E. J. Burns does not now have and has never possessed any interest therein, and (2) Tract 5 is the property of the defendant E. J. Burns and the defendant Emma Lee Burns does not now have and has never possessed any interest therein.

While it is alleged that defendant H. F. Burns has "some interest" in the property, the specific allegations fail to connect him with the title of any one of the tracts.

Defendants jointly demurred to the complaint for that there is a misjoinder of parties and causes of action. The demurrer was overruled and defendants appealed.

*M. G. Boyette for plaintiff, appellee.*
*H. F. Seawell, Jr., for defendant, appellants.*

BARNHILL, J. The demurrer must be overruled if the complaint is good as to any one of the demurrants. That is, if any one of defendants is a necessary or proper party as to each tract of land, the complaint is not subject to attack by joint demurrer. *Winders v. Southerland,* 174 N. C., 235, 93 S. E., 726.

The joinder of H. F. Burns as a party defendant is not fatal. He is not a necessary party as to any one of the tracts. His joinder is mere surplusage and is not ground for demurrer by other defendants. *Sullivan v. Field,* 118 N. C., 358; *Abbott v. Hancock,* 123 N. C., 99; *Shuford v. Yarborough,* 197 N. C., 150, 147 S. E., 824; *Furniture Co. v. R. R.,* 195 N. C., 636, 143 S. E., 242.

The plaintiff contends that under section 1719, chapter 310, Public Laws 1939, now G. S., 105-391, all defendants other than H. F. Burns are necessary or at least proper parties defendant.

It may be conceded that as to Tracts 1, 2, and 3, this contention is sound. Mrs. Burns owned these tracts when a part of the tax in arrears was assessed and even now she owns a life estate therein. E. J. Burns is now the owner subject to the life estate of Mrs. Burns. Under G. S.,

105-391, both are proper parties to an action to foreclose tax liens thereon.

But Mrs. Burns owns Tract 4. E. J. Burns does not now have and never possessed any interest therein. He is neither a necessary nor a proper party to the action in so far as it relates to this tract. The same condition in reverse applies to Tract 5. Mrs. Burns has never had any interest therein. Thus the action to foreclose lien on Tract 4 does not affect E. J. Burns and the action to foreclose lien on Tract 5 does not affect Mrs. Burns. It is apparent then there is a misjoinder of actions and of parties.

There can be no division of the action under G. S., 1-132. The whole must fall. *Beam v. Wright,* 222 N. C., 174, 22 S. E. (2d), 270; *Wingler v. Miller,* 221 N. C., 137, 19 S. E. (2d), 247; *Frederick v. Ins. Co.,* 221 N. C., 409, 20 S. E. (2d), 372; *Burleson v. Burleson,* 217 N. C., 336, 7 S. E. (2d), 706; *Vollers Co. v. Todd,* 212 N. C., 677, 194 S. E., 84; *Smith v. Land Bank,* 213 N. C., 343, 196 S. E., 481; *Lucas v. Bank,* 206 N. C., 909, 174 S. E., 301; *Ellis v. Brown,* 217 N. C., 787, 9 S. E. (2d), 467; *Sasser v. Bullard,* 199 N. C., 562, 155 S. E., 248; *Shuford v. Yarborough, supra; Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Rose v. Warehouse Co.,* 182 N. C., 107, 108 S. E., 389; *Taylor v. Ins. Co.,* 182 N. C., 120, 108 S. E., 502; *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664.

As to Tract 4, E. J. Burns is not the owner or a lienholder or listing taxpayer. Nor would he be entitled to be made a party to a court action to foreclose a mortgage thereon. As to Tract 5, the same is true in respect to Mrs. Burns. Hence the complaint is not saved by the provisions of G. S., 105-391.

There was error in the order overruling the demurrer.

Reversed.