OWEN H. TEAGUE AND HIS WIFE, HELEN TEAGUE, v. SILER CITY OIL
COMPANY AND AMERICAN OIL COMPANY.

(Filed 3 May, 1950.)

**1. Pleadings § 19b—**

Where there is a misjoinder of parties and causes of action, defendants'
demurrer on this ground must be sustained, and the court has no authority
to direct severance for the purpose of trial, G.S. 1-132.

**2. Same—**

Where two plaintiffs institute one action against defendants for the
recovery of their respective property alleged to have been destroyed by
the negligence of defendants, and there is no allegation that each defend-
ant had an interest in the property of the other, there is a misjoinder of
parties and causes of action, and the cause is demurrable.

**3. Pleadings § 20—**

The filing of answer to the original complaint does not waive defendants'
right to demur to the amended complaint on the ground of misjoinder of
parties and causes of action. G.S. 1-134.

APPEAL by defendants from *Morris, J.,* at January Term, 1950, of
CHATHAM.

This is a civil action to recover for loss of property by fire.

The plaintiffs, husband and wife, alleged in their complaint that on
18 April, 1948, by reason of the negligence of the defendants and their
agents, in the manner set forth therein, certain properties were destroyed
by fire. Each of the defendants filed an answer. Thereafter both defend-
ants "demurred *ore tenus* to the complaint upon the ground that the
complaint did not state a cause of action in that the plaintiffs did not
allege that they were the owners of the property alleged to have been
destroyed by the negligence of the defendants. Thereupon, without
waiting for a ruling on the demurrer, the plaintiffs requested the court
to grant them permission to file an amended complaint, which request
was granted.

It is alleged in the amended complaint that prior to 18 April, 1948,
the plaintiff, Owen H. Teague, had purchased certain lands described
by metes and bounds, and that the plaintiffs constructed thereon a "com-
bined home and filling station and a road-side grill for the sale and dis-
tribution of drinks, sandwiches and other foods sold and served to the
general public." It is also alleged "the plaintiffs were living upon the
premises, . . . and had installed necessary household and kitchen furni-
ture and had equipped the other parts of said structure with necessary
apparatus for carrying on the business heretofore described." It is fur-
ther alleged that as a result of the negligence of the defendants: (1) The

buildings owned by the plaintiffs were completely destroyed by said fire and explosion and were worth $7,500.00; (2) that the enumerated equipment in the grill, the contents of the house, consisting of certain listed articles and many other items too numerous to mention, together with the plaintiffs' personal effects, including clothing, jewelry, etc., were all destroyed; and, that the value of the said personal property destroyed was worth at least $8,000.00. The amended complaint also contains an allegation to the effect that the plaintiffs have lost $400.00 per month profits from the operation of their business, etc.

The defendants demurred to the amended complaint for that there is a misjoinder of parties and causes of action, in that the plaintiffs allege four distinct causes of action, as follows:

(1) An alleged cause of action for damages for injury to real property owned individually by the plaintiff, Owen H. Teague.

(2) An alleged cause of action for damages for injury to personal property owned individaully by the plaintiff, Owen H. Teague.

(3) An alleged cause of action for damages for injury to personal property owned individually by the plaintiff Helen Teague.

(4) An alleged cause of action for damages for injury to personal property owned jointly by both plaintiffs, Owen H. Teague and his wife Helen Teague.

Whereupon, the court overruled the demurrers and *ex mero motu* ordered each of the plaintiffs to file with the court a bill of particulars "setting forth the property alleged to be owned individually by each of said plaintiffs which is alleged to have been destroyed by negligence of the defendants, said bill of particulars to be considered as a basis for severance of the causes of each plaintiff for trial."

The defendants appeal from the ruling of the court below, and assign error.

*Thomas C. Carter, Long & Ross, and Bell & Horton for plaintiffs.*

*Smith, Wharton, Sapp & Moore for defendant American Oil Co.*

*J. L. Moody, L. P. Dixon, and Barber & Thompson, for Siler City Oil Co.*

DENNY, J. A demurrer should be sustained where there is a misjoinder of parties and causes of action, and the court is not authorized in such cases, to direct a severance of the respective causes of action for trial under the provisions of G.S. 1-132. *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225; *Southern Mills, Inc., v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247; *Bank v. Angelo,* 193 N.C. 576, 137 S.E. 705; *Rose v. Warehouse Co.,* 182 N.C. 107, 108 S.E. 389; *Taylor v. Ins. Co.,* 182 N.C. 120, 108 S.E. 502;

*Roberts v. Mfg. Co.,* 181 N.C. 204, 106 S.E. 664; *Thigpen v. Cotton Mills,* 151 N.C. 97, 65 S.E. 750; McIntosh, N. C. Practice and Procedure, p. 467.

There is no allegation to the effect that while the title to the real estate involved in the action is in Owen H. Teague, the coplaintiff, Helen Teague, has an equity in said real estate and the improvements erected thereon, as was the case in *Walker v. Oil Co.,* 222 N.C. 607, 24 S.E. 2d 254. The same is true with respect to the personalty which is alleged to have been destroyed.

The appellees contend, however, that since the defendants filed answers to the original complaint, it would be necessary for them to withdraw those answers by leave of court, before they would have the right to demur to the amended complaint on the ground that there is a misjoinder of parties and causes of action, citing *Ezzell v. Merritt,* 224 N.C. 602, 31 S.E. 2d 751. We do not concur in this view. When the plaintiffs filed an amended complaint, the defendants had the right to elect whether to answer or demur. In *Ezzell v. Merritt, supra,* the defendant undertook to demur to the original complaint on the ground of a misjoinder of parties and causes of action, after he had filed an answer thereto, without withdrawing his answer by leave of court. A defendant is not permitted, under our practice, to answer and demur at the same time, *Rosenbacher v. Martin,* 170 N.C. 236, 86 S.E. 785, except as to the jurisdiction of the court or to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. G.S. 1-134; *Cherry v. R. R.,* 185 N.C. 90, 116 S.E. 192. However, these defendants have not filed answers to the amended complaint, and we think the interposition of the demurrers was well advised.

For the reasons stated, the order of the court below overruling the demurrers interposed by the defendants, is

Reversed.