THE EASTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, AN UNINCORPORATED RELIGIOUS ASSOCIATION; AND C. B. HANSLEY, MODERATOR; A. GRAHAM LANE, ASSISTANT MODERATOR; LEMMIE TAYLOR, CLERK; H. M. MALLARD, TREASURER; OFFICERS OF SAID CONFERENCE; C. B. HANSLEY, A. GRAHAM LANE, LEMMIE TAYLOR, H. M. MALLARD AND LLOYD VERNON, EXECUTIVE COMMITTEE OF SAID CONFERENCE, AND CHARLIE PAUL, JOSEPH E. WILLIAMS, MILTON STYRON, THE BOARD OF DEACONS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH, AND LESLIE STYRON, CLERK; REGINALD STYRON, TREASURER; ALL OFFICERS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND ROY STYRON AND GUY WILLIS, TRUSTEES OF THE SAID CHURCH; AND HARRY WILLIS, STERLING DIXON, ELMER WILLIS, WORDIE MURPHY, VAN WILLIS, AND OTHERS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH UNITED IN INTEREST AND PRESENTLY RECOGNIZED BY THE EASTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA AS THE ONE AND ONLY VALID DAVIS ORIGINAL FREE WILL BAPTIST CHURCH, ALSO KNOWN AS THE CHARLIE PAUL FACTION, PLAINTIFFS v. CLINTON PINER, JULIUS WILLIS, LLOYD DAVIS, ALL DEFENDANTS PURPORTING TO BE MEMBERS OF THE BOARD OF DEACONS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND LLOYD DAVIS, GRADY DAVIS, CLYDE STYRON, JOHNNIE DAVIS AND BOBBY DUDLEY, INDIVIDUALLY AND AS THE PURPORTED BOARD OF TRUSTEES OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND T. O. TERRY, PURPORTED PASTOR OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND DAVIS FREE WILL BAPTIST CHURCH, INC., A CORPORATION ORGANIZED AND EXISTING UNDER CHAPTER 55-A OF THE GENERAL STATUTES OF NORTH CAROLINA; AND RALPH LOWRIMORE AND OTHERS UNITED IN INTEREST WITH THE ABOVE NAMED DEFENDANTS AND KNOWN AS THE CLINTON PINER FACTION, DEFENDANTS.

(Filed 17 March, 1965.)

**Religious Societies and Corporations § 3;     Pleadings § 3—**

An action by members of a faction of a church against a person asserting to be pastor of the church to permanently restrain him from occupying the pulpit of the church, and an action by such members against other members belonging to another faction of the church to have plaintiffs declared to be the real and rightful congregation of the church and entitled to the use and control of the church property, should be dismissed upon demurrer for misjoinder of parties and causes, since all of the defendants are not similarly affected in either cause of action.

THE defendants, other than the corporate defendant, appeal from *Peel,* J., June Session 1964 of CARTERET.

This is a civil action instituted on 22 April 1964. The Eastern Conference of Original Free Will Baptists of North Carolina, an unincorporated religious association (hereinafter called Conference), and Charlie Paul and others associated with him (known as the Charlie Paul faction), are, or claim to be, members (some officials) of Davis Original Free Will Baptist Church of Davis, North Carolina (hereinafter called Davis Church). The Conference and the Charlie Paul faction are the plaintiffs in this action.

T. O. Terry is or claims to be pastor of Davis Church. Clinton Piner and others associated with him (known as the Clinton Piner faction) are, or claim to be, members (some officials) of the Davis Church. T. O. Terry and the Clinton Piner faction are the present defendants in this action, the action having been dismissed against the corporate defendant.

The Original Free Will Baptists of North Carolina had their beginning in this State in the year 1727. The Conference was formed in 1895. The Davis Church was organized as an Original Free Will Baptist Church in 1876 and was a charter member of the Conference.

The complaint alleges, in material part, the following: Until 1957, the Davis Church was a harmonious church. Since 1895, the congregation has been a member of the Conference and until 1957 had adhered to the faith and discipline established by the Conference in its *Statement of Faith and Discipline.*

In July 1960, there developed a controversy between the Conference and the Davis Church while the Church was under the leadership of a former pastor. When T. O. Terry became pastor of Davis Church in 1961, he tried in many ways to lead the Church out of the Conference. He was instrumental in influencing the decision not to send representatives to the State and local conventions of the North Carolina Original Free Will Baptists. He attempted to align the Davis Church with the Coastal Association of Free Will Baptists, an organization that the Conference of Original Free Will Baptists did not recognize and with whom it did not hold fellowship.

Defendants T. O. Terry and the Clinton Piner faction, it is alleged, have refused, ignored and defied the Conference and have prohibited the Charlie Paul faction from using the facilities of the Davis Church for any purpose whatsoever and have excluded them altogether from any part in the government of the Church. Whereupon, this action was instituted to obtain the following relief.

"A. That the Davis Original Free Will Baptist Church be declared a member of the Eastern Conference of Original Free Will Baptists of

North Carolina and subject to its rules, regulations and determinations if properly and legally made.

"B. That the Charlie Paul Faction, including the named individual plaintiffs and their associates, be declared the true and rightful congregation of the Davis Free Will Baptist Church and entitled to the sole use, control and dominion of and over the physical properties of the said Church, subject to the customs, laws, usages and practices of the said Church, and in conformity with the said Church's long time connection with the Original Free Will Baptists of North Carolina and the Eastern Conference of Original Free Will Baptists of North Carolina.

"C. That the defendant T. O. Terry be permanently restrained and barred from occupying the pulpit of the said Church or exercising any dominion and control over the same or in any way interfering or attempting to interfere with the property and lawful use of the said Church or its physical facilities by the said plaintiffs or others by them properly and legally designated. That he be further restrained, prevented and barred from holding himself out to be a minister in good standing of the Original Free Will Baptists of North Carolina.

"D. That the other named defendants and their associates be permanently restrained and prevented from holding themselves out to be the true congregation of the Davis Original Free Will Baptist Church, either under the auspices of the corporate entity by them formed and called the Davis Free Will Baptist Church, Inc., and that they, the individuals and the corporation, be permanently restrained and barred from in any way interfering in the proper and legal operation or the carrying forward of the activities of the Davis Original Free Will Baptist Church as recognized by the Eastern Conference," *et cetera.*

The defendants T. O. Terry and the Clinton Piner faction, including the corporate defendant, filed separate demurrers on the ground that there is a misjoinder of parties and causes of action.

The court below overruled the demurrers as to all defendants except the corporate defendant; as to it, the demurrer was sustained and the action dismissed. All the other defendants appeal, assigning error.

*Rodman & Rodman, John A. Wilkinson for plaintiff appellees.*
*Lake, Boyce & Lake; Wheatley & Bennett for defendant appellants.*

PER CURIAM. The appellants assign as error that portion of the order entered below overruling the demurrer of T. O. Terry and overruling the demurrer of the other defendants other than the corporate defendant.

The cause of action alleged by the plaintiffs against defendant T. O. Terry, and the relief sought against him, does not similarly affect all the other defendants.

On the other hand, the relief sought by the plaintiffs against the Clinton Piner faction does not similarly affect the defendant Terry. *Cf. Conference v. Creech* and *Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619, *s. c.* 259 N.C. 1, 129 S.E. 2d 600.

We hold that there is a misjoinder both of parties and causes of action.

For the reasons stated, the order of the court below overruling the demurrers interposed by the appellants is reversed. *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2, *s.c.* 232 N.C. 469, 61 S.E. 2d 345.

Reversed.