THE EASTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, AN UNINCORPORATED RELIGIOUS ASSOCIATION; AND C. B. HANSLEY, MODERATOR; A. GRAHAM LANE, ASSISTANT MODERATOR; LEMMIE TAYLOR, CLERK; H. M. MALLARD, TREASURER; OFFICERS OF SAID CONFERENCE; C. B. HANSLEY, A. GRAHAM LANE, LIMMIE TAYLOR, H. M. MALLARD AND LLOYD VERNON, EXECUTIVE COMMITTEE OF SAID CONFERENCE, AND CHARLIE PAUL, JOSEPH E. WILLIAMS, MILTON STYRON, THE BOARD OF DEACONS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH, AND LESLIE STYRON, CLERK; REGINALD STYRON, TREASURER; ALL OFFICERS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND ROY STYRON AND GUY WILLIS, TRUSTEES OF THE SAID CHURCH; AND HARRY WILLIS, STERLING DIXON, ELMER WILLIS, WORDIE MURPHY, VAN WILLIS, AND OTHERS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH UNITED IN INTEREST AND PRESENTLY RECOGNIZED BY THE EASTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA AS THE ONE AND ONLY VALID DAVIS ORIGINAL FREE WILL BAPTIST CHURCH, ALSO KNOWN AS THE CHARLIE PAUL FACTION, v. CLINTON PINER, JULIUS WILLIS, LLOYD DAVIS, ALL DEFENDANTS PURPORTING TO BE MEMBERS OF THE BOARD OF DEACONS OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND LLOYD DAVIS, GRADY DAVIS, CLYDE STYRON, JOHNNIE DAVIS AND BOBBY DUDLEY, INDIVIDUALLY AND AS THE PURPORTED BOARD OF TRUSTEES OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND T. O. TERRY, PURPORTED PASTOR OF THE DAVIS ORIGINAL FREE WILL BAPTIST CHURCH; AND RALPH LOWRIMORE AND OTHERS UNITED IN INTEREST WITH THE ABOVE-NAMED DEFENDANTS AND KNOWN AS THE CLINTON PINER FACTION.

(Filed 13 April, 1966.)

**1. Appeal and Error § 60; Pleadings § 18—**

Decision on appeal that demurrer for misjoinder of parties and causes should be sustained does not constrain the granting of a demurrer to the complaint in a subsequent action deleting one of the causes of action stated in the original complaint.

**2. Religious Societies and Corporations § 3—**

The courts have no jurisdiction of purely ecclesiastical controversies and will adjudicate such matters only to the extent necessary to determine property rights which are affected by the dispute.

CONFERENCE *v.* PINER.

### 3. Same—

A complaint alleging a cause of action by a faction of a congregation of a church to have such faction declared the true congregation and entitled to the sole control of the physical property of the church, and a cause of action by a governing body of the denomination to have the church declared a member of its organization and subject to its discipline, *held* to state a single cause of action relating to the right to use and control the church property and is not subject to demurrer for misjoinder of parties and causes, since the allegations relating to doctrinal matters and church discipline pertain to ecclesiastical matters which are not justiciable.

### 4. Pleadings § 18—

A complaint purporting to state two separate causes of action by separate plaintiffs against the same defendants, but which fails to state a justiciable cause of action on behalf of one of the plaintiffs, so that it alleges but a single justiciable action, is not subject to demurrer for misjoinder of parties and causes of action.

MOORE, J., not sitting.

LAKE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Walker, S.J.,* November 29, 1965 Session of CARTERET.

Demurrer interposed upon the grounds of a misjoinder of parties and causes of action.

This action grows out of a schism in the Davis Original Free Will Baptist Church (Davis Church), which is split between the Charlie Paul faction and the Clinton Piner faction. Plaintiffs are The Eastern Conference of Free Will Baptists of North Carolina, an unincorporated religious association (Conference) and those individual members of Davis Church composing the Charlie Paul faction. Defendants are the individuals belonging to the Clinton Piner faction.

In brief summary the complaint alleges: Davis Church was a charter member of Conference which was organized in 1895. Thereafter, until July 1960, Davis Church "adhered and submitted itself to the customs, practices, and usages of the Original Free Will Baptist Denomination," as set out in its Statement of Faith and Discipline (attached to the complaint as Exhibit A). In April 1961, led by T. O. Terry, the pastor of Davis Church, defendants began a campaign to take Davis Church out of Conference and to affiliate it with the Coastal Association of Free Will Baptists, which had been created to destroy Conference. At a church meeting on April 8, 1962, "as a culmination of many months of detailed activity" by the Piner faction of Davis Church, those members present voted 63 to 48 to leave Conference and join the Coastal Association. Since

April 1962, the Piner faction has asserted dominion over the physical properties of Davis Church and barred plaintiffs therefrom. In May 1963, at a meeting held in accordance with the rules of Conference, and after due notice to defendants (none of whom appeared), the executive committee of Conference heard voluminous and detailed evidence. It ruled that the Piner faction was in contempt of its authority and "had departed from the faith and rebelled against the form of church government practiced for many generations by the Original Free Will Baptists of North Carolina." It ruled, therefore, that the Charlie Paul faction, which was adhering to the original Free Will Baptist doctrine, was the true congregation, "entitled to the name, property, and privileges belonging to" Davis Church. Notwithstanding, defendants remain in the unlawful possession of the physical properties of the Church.

The prayer for relief is that: (1) Davis Church be declared a member of Conference and subject to its discipline; (2) The Charlie Paul faction be declared the true congregation and entitled to the sole control of the physical properties of the church "subject to the customs, laws, usages, and practices of the said church"; and (3) Defendants be permanently restrained from holding themselves out as the true congregation of Davis Church and from interfering with the proper operation of its activities.

Defendants demurred to the amended complaint for a misjoinder of parties and causes in that (1) plaintiff Conference seeks a declaratory judgment decreeing that Davis Church is subject to its rules and regulations and its minister subject to Conference discipline, while plaintiffs, constituting the Charlie Paul faction, seek to oust defendants from possession of the church properties; and (2) plaintiffs seek "to silence" T. O. Terry as a pastor holding himself out as an ordained minister of the Original Free Will Baptists of North Carolina. The demurrer was overruled, and defendants appealed.

*John A. Wilkinson and Rodman & Rodman for plaintiff appellees.*

*Wheatly & Bennett; Boyce, Lake & Burns for defendant appellants.*

SHARP, J. These same plaintiffs instituted an action against the Clinton Piner faction, T. O. Terry ("purported pastor" of Davis Church), and Davis Free Will Baptist Church, Inc. on April 22, 1964, and this same controversy was before the Court at the Spring Term 1965. At that time we reversed a judgment overruling the

individual defendants' demurrer which was grounded upon an asserted misjoinder of parties and causes of action. *Conference v. Piner,* 264 N.C. 67, 140 S.E. 2d 721. That action was then dismissed, and plaintiffs instituted this one on April 9, 1965, against the individuals composing the Piner faction. The single material difference between the complaint in the first action and the complaint (as amended) in the second suit is that, in the former, plaintiffs sought to restrain defendant T. O. Terry from occupying the pulpit of Davis Church and from holding himself out as a minister in good standing with the Original Free Will Baptists of North Carolina. In this action, T. O. Terry is sued only as a member of the Piner faction. He is not, as defendants contend, "one of two groups" of defendants. Plaintiffs have stated no cause of action against him individually, and they seek no relief against him which does not similarly affect every other member of the Clinton Piner faction. The opinion in the former case does not, therefore, control the decision here. Notwithstanding, defendants still insist that this action should be dismissed for a misjoinder of parties and causes, *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2; *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345, for that two different plaintiffs, Conference and the Paul faction, have asserted two separate and distinct causes of action in which they seek different relief against defendants: Conference asks for a declaration of its authority over defendants in matters of faith, doctrines, and religious discipline; the Paul faction demands possession from defendants of the real property and other tangible assets of Davis Church.

In this action, it is clear that two different plaintiffs have *attempted* to assert separate and distinct causes of action against the same defendants, yet one of them, Conference, has not succeeded in stating any cause of action whatever. Civil courts have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies.

> " 'An ecclesiastical matter is one which concerns doctrine, creed, or form of worship of the church, or the adoption and enforcement within a religious association of needful laws and regulations for the government of membership, and the power of excluding from such associations those deemed unworthy of membership by the legally constituted authorities of the church; and all such matters are within the province of church courts and their decisions will be respected by civil tribunals.' 76 C.J.S., Religious Societies, § 85, p. 872. . . ." *Conference v. Miles,* 259 N.C. 1, 10-11, 129 S.E. 2d 600, 606.

Freedom of religion means not only that civil authorities may not intervene in the affairs of the church; it also prevents the church from exercising its authority through the State. See Note, 30 N. Y. U. L. Rev. 1102, 1104 (1955). Courts, therefore, will not interfere with factional differences over dogmas, doctrines, and customs in a religious society unless property rights are affected by the dispute. This is true "whether a religious society is independent in government or is merely a part of a general ecclesiastical body. . . ." 45 Am. Jur., Religious Societies § 44 (1943). *Accord, Conference v. Miles, supra; Conference v. Creech,* 256 N.C. 128, 123 S.E. 2d 619; *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114; 76 C.J.S., Religious Societies § 86 (1952). When property rights are at stake, and the factions—disregarding the injunction contained in I Corinthians 6:1, 7, 8 — "go to law," the court will adjudicate conflicting claims to church property just as it would to any other property. 45 Am. Jur., Religious Societies § 59 (1943).

In the Statement of Faith and Discipline, it is provided, at page 45, that the board of trustees of each local church "shall hold title to all property, maintain all legal rights to said property, convey said property in the discretion of a four-fifths majority" after notice to the regular quarterly conference of the church and to the public. Thus, Conference has no rights — and has alleged none — in the real or personal property of Davis Church. Whether or not Davis Church is a member of the Conference and subject to its rules and discipline is clearly an ecclesiastical matter. Conference has, therefore, no justiciable controversy with defendants. See *Conference v. Allen,* 156 N.C. 524, 525-26, 72 S.E. 617, 618. It follows that, since no cause of action is stated on behalf of plaintiff Conference, there is no misjoinder of parties or causes of action. *Wetherington v. Motor Co.,* 240 N.C. 90, 81 S.E. 2d 267. See *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; 1 McIntosh, N.C. Practice & Procedure § 1188 (Supp. 1964).

The subject-matter of this action is the physical property of Davis Church. " 'The title to the church property of a divided congregation is in that part of it (whether a minority or a majority) which is acting in harmony with its own law; and the ecclesiastical laws, usages, and principles which were accepted among them before the dispute began are the standards for determining which party is right.' " *Dix v. Pruitt,* 194 N.C. 64, 70, 138 S.E. 412, 415. *Accord, Conference v. Miles, supra; Reid v. Johnston, supra.* See Note, 34 N.C.L. Rev. 337 (1956); Dusenberg, *Jurisdiction of Civil Courts over Religious Issues,* 20 Ohio St. L.J. 508 (1959). In a controversy over church property, the courts will inquire into ecclesiastical or

LeFevers *v.* Lenoir.

doctrinal questions to the extent necessary to determine the property rights of the parties. The ultimate question here, as it was in the *Creech* and *Miles* cases, *supra* (which involved an apparently identical controversy among the Original Free Will Baptists of North Carolina in the Western Conference), is whether the Paul faction or the Piner faction is the true congregation of Davis Church. The complaint should, therefore, be reformed to comply with the requirements of G.S. 1-122 to the end that the parties may concentrate on the issue and get on with the trial.

The judgment overruling the demurrer is
Affirmed.

Moore, J., not sitting.

Lake, J., took no part in the consideration or decision of this case.